# JERRY M. COX

v.

# ALLEN M. PIERCE.

*Partnership—Bill for an Accounting—Decree, Sustained by Evidence— Waiver of Right to Introduce Oral Testimony on Hearing.*

Upon appeal from a decree for the complainant, based on an account of partnership dealings, it is *held:* That the submission of the cause on the report of the master, bill, answer, replication, exhibits, evidence taken before the master and exceptions, is a waiver of the right of the defendant to introduce oral testimony on the hearing; that such testimony should have been introduced in proof of the exceptions; that the decree is sustained by the evidence; that the defendant was properly charged with the cost of the goods sold during the partnership with the net profit thereon; and that the rate of profit so charged is sustained by the evidence.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Stark County; the Hon. T. M. SHAW, Judge, presiding.

Statement by WELCH, J. This was a bill filed by appellee against appellant for an account of partnership dealings. The bill alleges that on the 23d day of February, 1884, the ap-

pellee entered into a contract of partnership with the appel-
lant for the term of one year, for the purpose of carrying on
the business of selling drugs and other merchandise usually
kept and sold by druggists in Wyoming. That the appellant
had a stock of drugs and merchandise on hand which was in-
voiced at $6,667.50, one-half of which was purchased of him
by the appellee, he paying to the appellant in cash the sum of
$2,500, and giving his note for the sum of $833.75, making
the sum $3,333.75, one-half the amount of said invoice. The
stock of drugs and merchandise was then transferred to the
firm, and it commenced business with a capital of $6,666.50.
There is no disagreement as to the terms of the agreement.
The appellee charges the appellant with using the money and
assets of the firm for his individual use, and without keeping
correct accounts thereof upon the books of the firm, etc., all
of which appellant denies. Appellee further charges in his
bill that he, on the 29th day of January, 1885, sold his inter-
est in the stock of goods and merchandise then on hand to the
appellant for $2,327.86, one-half the amount of inventory of
said stock then taken. That it was then agreed that the ap-
pellant should collect the sums then due the firm, pay the
firm's indebtedness and render an account and pay to the ap-
pellee whatsoever might be due him; and that the appellant
agreed to surrender to appellee his said notes for $833.75, and
pay the balance due the appellee in installments as he might
require, in good, bankable notes. That the appellant has not
paid, but refuses to pay, to the appellee his share of said
goods and merchandise, or to make any statement of account,
prays for an accounting, etc. Appellant admits he purchased
the appellee's interest for the price stated, and that he was to
proceed to collect the sums due the firm and pay its indebt-
edness, and avers that he faithfully kept and performed his
part of the agreement; he denies that he refused to return
appellee's notes to him; he denies that he agreed to pay him
in installments, but avers that appellee refused to take his
own notes in part payment for said goods, but appellee de-
manded money or good bankable paper, which appellant re-
fused until the firm debts had been paid; avers that appellee

Cox v. Pierce.

withdrew large sums of money from said firm and avers that the books were correctly kept and that appellee had access to them at all times.   Replication; cause referred to master to take proof and state account between the parties.   Master's report and exceptions thereto.   Cause heard and decree for the appellee, from which this appeal is taken.

· Messrs. M. SHALLENBERGER, B. F. THOMPSON and JAMES H. MILLER, for appellant.

Mr. MILES A. FULLER, for appellee.

WELCH, J.   On the 23d of April, 1886, both parties came before the court and submitted the cause on report of master, bill, answer, replication, exhibits, evidence taken before the master and exceptions.   The exceptions were overruled. Thereupon appellant offered to introduce oral testimony to the court, which the court refused to allow.   This ruling of the court is assigned as error.   By the 38th section of the chapter on evidence and under the rule announced in Owens v. Ranstead, 22 Ill. 161, 171, and Maher v. Bull, 39 Ill. 531, 535, appellant had a right, notwithstanding the order that had been made, to close the testimony to introduce oral testimony on the hearing, but he should have done this upon and in proof of his exceptions.   Most of his exceptions questioned the correctness of the findings of the master in chancery upon the evidence as taken.   His action, in submitting the cause upon the exceptions, etc., was a waiver of the right to introduce other or further testimony.   He could not submit his case for decision upon the evidence taken and after the court had found against him on that evidence, afterward ask to open up the case and introduce additional testimony.   There must be an end to litigation.   He made his election to submit the case on the evidence taken by the master and must now abide by it.

It is, however, insisted that the decree is not sustained by the evidence.   The testimony shows that at the time of the purchase by the appellee the appellant was in the possession of

the store, conducting it with the assistance of Law, as clerk, and that the appellee employed Law to act as clerk. Law states that he kept the day-book and ledger accounts of the goods purchased. Appellant kept the cash book. Swem says appellant had the management of the business while he was clerking there, and kept the books of the firm. He also states " we endeavored to keep a correct account of sales, but the cash in the drawer always overrun the amount of sales shown upon the sales book;" that they did not always foot the cash or sales book and compare with the cash in the drawer. The amount of stock on hand at the formation of the partnership was $6,667.50, amount of goods purchased by the firm $4,-365.35 ; showing total value of goods received by the firm $11,-032.85. The amount of goods on hand at the time of the sale by appellee to the appellant of his interest was $4,773.16, leaving cost price of goods sold, $6,259.69. The amount of goods sold on credit during the existence of the firm, as shown by the books, was $1,678.60. Amount of cash sales was $2,279.49. Here is shown to have been sold goods at cost price of $6,259.69, for which only the sum of $3,958.09 is reported as having been received, showing a loss of the sum of $2,301.60 on the cost of the goods. Law says that the profits on the sale of drugs was 35 per cent. and on liquors 75 per cent., and that no goods were sold at less than cost while he was there. Swem says that profit on sales of drugs was 25 per cent. and on liquors 75 per cent., and says there was some losses on Christmas books, Christmas cards and white lead; the amount of loss on these articles was $250. Appellant says the goods were sold at a loss after deducting expenses. Appellee states that he called appellant's attention to the fact that he had been using the money of the firm to pay his individual indebtedness, and that the appellant admitted to him that he had used $841.74 of the firm's money in that way, and he promised to charge himself with it. This amount was subsequently charged to the private account of appellant. The master finds that the books had been carelessly and incorrectly kept, and that in consequence thereof it was impossible to prepare an accurate statement of the partnership assets and lia-

Cox v. Pierce.

bilities, and state an account between the parties.    He finds that appellant had appropriated and used partnership funds to pay his private accounts, and that he had the general supervision and control of the business.    From these findings the master's conclusions are that appellant should be charged with the cost price of the goods sold during the partnership, and with the net profit made thereon.    And that the appellee is entitled to one-half of such gross amount less the amounts which he has received, according to the following statement of account:

| | | |
|---|---:|---:|
| Amount of invoice February 23, 1884, | | $ 6,667.50 |
| Goods purchased during partnership, | | 4,365.35 |
| Total, | | $11,032.85 |
| Deduct invoice of January 29, 1885, | | 4,773.16 |
| Cost of goods sold during partnership, | | $ 6,259.69 |
| Liquors sold during partnership, | $945.79 | |
| Christmas cards, etc , sold at loss, | 250.00 | |
| White lead sold at loss, | 115.00 | |
| | | $1,310.79 |
| Balance of drug stock, which sold at an average profit of 30 per cent., | | $ 4,948.90 |
| Total profit thereon at 30 per cent., | | 1,484.67 |
| Seventy-five per cent. on the amount of liquors sold, | | 709.34 |
| Total gross profits, | | $ 2,194.01 |
| Deduct losses and expenses as follows: | | |
| Fifty per cent. of $250 in books and cards, | $125.00 | |
| 2,000 lbs. white lead at 25 cents per 100 lbs., | 5.00 | |
| Freight and express charges | 205.65 | |
| Insurance, | 65.50 | |
| Internal revenue tax, | 27.40 | |
| Miscellaneous expenses, | 21.00 | |
| 11 1-5 months rent at $480 per year, $448, less $30 received from Swem on rent, | 418.00 | |
| Total deductions, | | $  867.55 |

| | | |
|---|---:|---:|
| Balance net profits, | | 1,326.46 |
| Add cost of goods sold during partner-ship, | | 6,259.69 |
| Net assets of firm, | | 7,586.15 |
| The master finds that Cox owes Pierce one-half the last named sum, | | 3,793.07 |
| Less the following charges against Pierce: | | |
| Ledger account against Pierce, | $176.73 | |
| Clerk hire paid Law by firm, | 105.00 | |
| Clerk hire paid Swem by firm, | 230.00 | |
| Cash paid by Cox since dissolution, | 100.00 | |
| Order paid by Cox, | 64.35 | |
| Notes received from Cox, | 920.82 | |
| | | $ 1,596.91 |
| Balance due Pierce from defendant, | | $ 2,196.16 |

Numerous exceptions were filed to this report and account of the master. It is insisted by appellant that the method of computation adopted by the master is erroneous, unjust and contrary to the law and the evidence. The evidence in this case shows that the appellant had the custody of the funds of the firm and that he kept the cash book. It is further shown by the evidence that no correct account of money received or expended was kept; that the appellant appropriated the funds of the firm in the payment of his private accounts without making any proper charge thereof on the books, and when his attention was called to sums of money thus appropriated, he admitted it and promised to charge it, which he subsequently did. Swem says the cash in the drawer always overrun the amount of sales shown upon the sales book. "We did not always foot the cash or sales book and compare with the cash in the drawer." As shown, there was $6,259.69 worth of goods which went into the drawer, for which only the sum of $3,958.09 is reported as having been received. We hold in the light of this evidence there was no error in the method of computation adopted by the master. Lesswell v. Robbins, 39 Ill. 209, 219; Steere v. Hoagland, 50 Ill. 377, 381.

It is further insisted by appellant that the rate of profit on the goods sold by the firm is excessive, incorrect and contrary

to the evidence. We are of the opinion that the rate adopted is sustained by the evidence of Law, Swem and L. Fuller. Appellant had it in his power to have furnished an explanation as to what disposition was made of the goods and of the money received on sales; he contents himself with saying the goods were sold at a loss and that there were no profits; he makes no denial of the statement of Law that he kept the day book and ledger account of the goods sold but that appellant kept the cash book, or of the statement of Swem that the appellant had the management of the business while he was clerking there and kept the books of the firm, and that the cash in the drawer always overrun the amount of sales shown upon the sales book. It was in his power to furnish a satisfactory explanation as to the disparity shown between the quantity of goods sold and the receipts. This he failed to do, and it having been shown that he appropriated $841.74 of the firm's money to his private account, making no charge thereof until after it was discovered by appellee, and appellant's attention called thereto by appellee, we hold that the master was fully justified in the rule adopted by him. The evidence shows that the appellee paid in cash on the purchase $2,500, paid for clerk hire $120, making the sum of $2,620. That he had received in goods, cash, and an order paid by appellant, the sum of $341.09, showing a balance of $2,278.91. The decree in the cause is for the sum of $2,169.16, which is $82.75 less than the money paid in by him when he went into the business. That there should have been a loss in the light of the evidence in the case is extraordinary and required explanation. No explanation is furnished by the appellant. We are therefore of the opinion that the exceptions to the master's report were properly overruled; that the findings of the master were supported by the evidence. Finding no error the decree is affirmed.

*Decree affirmed.*