THE KEYSTONE IRON WORKS COMPANY v. THE DOUGLASS SUGAR COMPANY *et al.*

1. CASE, *Followed.* The case of *Manufacturing Co. v. Sugar Co.*, 54 Kas. 455, in regard to the priority of liens, followed.

2. MECHANICS' LIENS—*Priority—Error, Time of Bringing.* Upon the application of a lienholder, the judgment of the trial court giving one lien precedence over another was vacated and a new trial granted upon that issue alone. After the second trial, the court ruled that the findings and conclusions first made as to priority of liens should stand, and gave judgment accordingly. More than a year after the first judgment was rendered, and within one year from the rendition of the second, the case was brought to the supreme court for a review of the ruling as to the precedence of liens; *held,* that the proceeding was brought in good time, and that the same was not barred by the one-year statute of limitation.

*Error from Cowley District Court.*

ACTION by *The Keystone Iron Works Company* against *The Douglass Sugar Company* and the Merchants' Bank of El Dorado, Kas. Judgment for defendants, and plaintiff brings error. The opinion states the facts.

*Hamilton & Leydig*, for plaintiff in error.

*Redden & Schumacher*, and *Leland & Harris*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action to determine and enforce the liens of several lienholders upon the sugar factory built by the Douglass Sugar Company, and is a branch of a litigation which was before this court in *Manufacturing Co. v. Sugar Co.*, 54 Kas. 455 ; same case, 38 Pac. Rep. 556. In this proceeding, the controversy is between the Keystone Iron Works Company and the Merchants' Bank of El Dorado, Kas. When the trial was had, the court, among other facts, found that in May, 1888, the Keystone Iron Works Company contracted with the sugar company to furnish material and machinery for the sugar factory, and in pursuance of that contract there was furnished for the construction of the sugar factory material and machinery of the value of $3,056.81. The construction of the sugar factory was begun in May, 1888, and the first of the material and machinery furnished by the Keystone Iron Works Company was furnished about June 19, 1888. Before that time, and on the 9th day of June, 1888, the sugar company executed a mortgage upon the factory and premises of the company to N. F. Frazier, to secure the sum of $10,000, with interest at 12 per cent. per annum after maturity, and two days later the mortgage was duly recorded in the office of the register of deeds. The mortgage so executed and recorded was duly assigned to the Merchants' Bank of El Dorado, Kas. The factory was completed about October 15, 1888, and in due time thereafter the Keystone Iron Works Company

filed its statement for a mechanic's lien. Although the material and machinery for which a lien was claimed were furnished in accordance with the original design, and were used in the construction and became a part of the sugar factory in accordance with the original plan, and although the building was commenced before the execution of the mortgage, the court held that the mortgage executed after the commencement was paramount to the lien for the material and machinery furnished by the Keystone Iron Works Company. This precise question was before the court in *Manufacturing Co. v. Sugar Co.*, 54 Kas. 455, where it was held that—

"The lien of parties who furnished machinery required and contemplated by the original plan of a structure erected for the manufacture of sugar, during the course of its erection, which went into and became a part of the sugar-works as originally designed, and which were fixed to and became a part of the realty, dates from the commencement of the building, and is superior to that of a mortgagee whose mortgage was executed after the commencement of the building, but before the machinery was actually furnished."

Findings of fact and conclusions of law were announced by the court on January 15, 1890, and the Keystone Iron Works Company applied for a new trial, and in support of the same oral and written evidence was produced. On February 1, 1890, the court granted the application for a new trial as to the time when the materials, fixtures and machinery were furnished by the Keystone Iron Works Company to the Douglass Sugar Company, and the judgment previously entered adjusting the Keystone Iron Works Company's lien and fixing its priority was vacated and set aside. Afterward, a new trial was had upon this issue, when the court found, as it did in the first

instance, that the lien of the Keystone Iron Works Company was subordinate to the mortgage lien of the Merchants' Bank of El Dorado. Immediately afterward, and on September 9, 1890, the plaintiff in error filed another motion for a new trial, which was overruled, and the case was brought into this court for review on February 16, 1891. It is now contended that as the original judgment was rendered on January 15, 1890, and as the record was not filed in this court until February 16, 1891, more than a year had elapsed, and hence the plaintiff in error was not entitled to a review.

We cannot consider or review the ruling of the court made in 1890, but the plaintiff in error does not ask a review of that ruling. The decision which was then made was in fact vacated upon application of the plaintiff in error, and, the ruling being in its favor, no review was desired. The question in dispute was the precedence of the several liens, and, as between the parties to this proceeding, the controversy was whether the mortgage lien was paramount to the mechanic's lien. The court first decided that the mortgage lien had priority over the mechanic's lien, but, on application of the plaintiff in error, that determination was vacated and set aside, and the question of priority was retried. The final decision was made on September 6, 1890, and at that time it was held "That the findings of fact and conclusions of law by the court reached in the original hearing of this case last January were correct, and should stand." It is contended that the determination by the court that the findings "should stand" indicates that the first order was not in fact set aside, but was only held in abeyance until the question was retired, and that the decision in September simply removed the suspension and left the

findings and judgment in force as of the date of January 15, 1890. The record does not fairly sustain this contention. According to the language employed by the court in its order, the decision on the priority was in fact set aside, and a new trial of the issue was had. There was involved in that issue the precise point which was in controversy between these parties in the original trial, and the final order and judgment were not made from which proceedings in error could have been taken until the case was finally decided in September, 1890. The court then reinstated the finding and judgment originally made, and as the proceeding in error was instituted within a year from that time, the case is properly here for review.

As the point of difference concerning the priority of liens has been determined in the case of *Manufacturing Co. v. Sugar Co.*, 54 Kas. 455, and as no reason is seen for disturbing the rule then made, it follows that the ruling of the district court cannot be sustained. The judgment of the district court will, therefore, be reversed so far as it affects the priority of liens between the Keystone Iron Works Company and the Merchants' Bank of El Dorado, and the cause will be remanded, with instructions to enter judgment awarding the plaintiff in error precedence over the mortgage lien of the bank, and that the claim and judgment of the plaintiff in error shall be paid out of the proceeds of the sale of the property in accordance with that determination.

All the Justices concurring.