| 39 | 531 |
| 120 | 558 |
| 22a | 45 |
| 39 | 531 |
| 130 | 441 |
| 39 | 531 |
| 61a | 589 |
| 39 | 531 |
| 63a | 276 |
| 39 | 531 |
| 72a | 311 |

## APRIL TERM, 1864.*

## HUGH MAHER, impleaded, etc.,

### *v.*

## MARIA BULL, Administratrix.

1. CHANCERY—*admissions in an answer, how relieved against—of a further answer.* Where an answer is not under oath, and a further answer is necessary to present a defendant's case, it is always allowed upon application made in apt time, so that the complainant is not surprised or delayed in the progress of the cause, nor injustice is done him thereby.

2. If an admission has been made in an answer improvidently and by mistake, the court will relieve the party making it from its effect by an order directing so much of the answer as contains the admission to be treated as no part of the record. But a mere retraction of such admission, in a supplemental answer, will not avail to relieve the party from its effect.

3. Nor will the court relieve the party in the mode indicated, unless it is satisfied by affidavit that the admission was made under a misapprehension or by mistake.

4. But, while courts exercise a liberal discretion in reliving from the effect of admissions in answers not under oath, where an answer is under oath great caution is observed.

---

* The remaining cases in this volume, argued at the April Term, 1864, were lost or misplaced, so that they could not appear in their proper place in the reports of that term.— REPORTER.

5. If the relief sought is from an admission of law, it may be sufficient to show that the party was erroneously advised by his solicitor in that regard.

6. But, where the relief sought is from an admission of fact, it should be shown that the answer was drawn with care and attention, stating, upon information and belief, such facts as were not within the defendant's own knowledge. It should also be shown that the fact misstated was not one within the defendant's own knowledge, and that he was erroneously informed in regard to it, and made oath to the answer, honestly believing such erroneous information.

7. Oral Evidence in Chancery—*of the right to introduce it.* Under the act of February 12, 1849, parties have the right to sustain every material allegation of the pleadings by an examination of witnesses in open court, and no order can be made abridging the rights of parties under it or requiring them to waive or forego the rights thus secured to them.

8. So, an order of court, made during the progress of a cause, that a party shall close his proofs by a day named, can in no wise affect the right of such party to introduce oral testimony on the hearing.

9. The proper practice is, to set the cause for a hearing, and, if afterward justice or convenience require further delay, the hearing may be postponed from time to time, until the court, in its discretion, directs the parties to proceed therein, having granted them every reasonable indulgence to enable them to procure their testimony.

10. Should it appear that the oral testimony offered to be introduced was only cumulative in its character, the question of the right to introduce it would merit a different consideration.

Appeal from the Superior Court of Chicago.

This was a suit in chancery, instituted in the court below on the 11th day of October, 1860, by Cadwalader Bull, since deceased, against Hugh Maher and Edward Kelly, to dissolve a copartnership then existing between them, and to wind up its affairs.

On the 26th day of October the defendants filed a joint and several answer, under oath, to which there was a replication on the 5th of December following.

On the 15th of February, 1861, the defendants filed their cross-bill, and on the 11th of September, 1861, the complainant filed his answer thereto, and on the 6th of June a replication was filed.

On the 20th of June, 1862, it was ordered by the court, on motion of the complainant, that the defendants close their proofs by the first day of the next term, and afterward that

order was extended, from time to time, until the 10th day of November, 1862.

On the 18th of August, 1862, by leave of the court, and subject to objections, the defendant Maher filed his separate answer to the original bill, differing, in many essential particulars, from the original joint and several answer filed by the defendants Maher and Kelly.

In support of his application for leave to file a separate answer, Maher presented his own affidavit and that of one of his counsel, Daniel C. Nicholes. The affidavit of Maher was made on the 14th of July, 1862, and, after setting out in detail the objects and purposes of the copartnership, and the manner in which its affairs had been managed, and charging misconduct in that regard upon his co-defendant, Kelly, it proceeds to say:

"That, as said Kelly had taken sole charge of the business of said firm previous to the commencement of this suit, and, as the said Maher was wholly unacquainted with the business transactions of said firm, so the said Kelly has, with the consent of said Maher, continued to take charge of the litigation growing out of the business of said firm with said Bull. That, during a considerable portion of the time since the commencement of this suit, said Maher has necessarily been absent from the city, wholly absorbed in his own business, relying upon said Kelly, and W. W. Drummond, Esq., who was employed to give the matter in suit such attention and to take such steps in the suit as to protect the rights of said Maher as well as the rights of the said Kelly. That, said Maher and said Kelly, under the advice of said Drummond, have filed a joint answer to the bill of said Bull, and also a cross-bill; and that said Bull has filed an answer to said cross-bill; that said Maher has frequently talked with said Kelly and Drummond, and has always been informed by them that they were giving all the attention to the cause that was necessary, and that he supposed that such testimony and steps were being taken in the matter as fully to protect his rights, until the 28th day of June last, when he was informed that a rule had been taken on defendants to close the

proofs in said suit by the first Monday of July, instant, when, upon making inquiry, he was informed that said Drummond had neglected to take the testimony in said case, and his attention was so much occupied with other matters, or from other causes, that he refused to go on with the case, and that said Maher was compelled to employ other solicitors to take charge of this case, and did, on the 28th day of June last, employ D. C. and I. J. Nicholes to take the evidence in the case and to take charge of the same, on his part; that he has been unable to take all the proofs on his part, for the reason that the necessary proofs in said case require an investigation of the business transactions of said firm. That he has never made one dollar by his connection with said firm, but has thereby lost several thousand dollars. That he is advised and believes that his rights and liabilities in the premises are entirely separate and distinct from those of the said Kelly, and that it will be necessary for him, said Maher, to so amend the pleadings in said cause as to enable him, the said Maher, to make a separate defense to the matters set up and charged in said bill of complaint. The said Maher, therefore, asks of said court that the time for taking proofs in said cause, on the part of the said Maher, may be extended for such reasonable time as the said court may deem necessary to enable the said Maher to take such proofs as he may think proper fully to protect his rights in the premises, and that the said Maher may have leave so to amend the pleadings filed by him in this cause, as to enable him, the said Maher, to make a separate defense to the matters and things charged in said complainant's bill of complaint against the said Maher, or against the said Maher and Kelly jointly."

The affidavit of Daniel C. Nicholes states that he and his partner were employed to defend for said Maher, June 28, 1860, since which time they have devoted nearly their whole time and attention to the investigation of and taking testimony in said cause. That he has seen said Kelly, who had been the managing or active member of said firm, and who knew more about the business transactions of said firm than any other person, and has had one interview with him about the time he

was employed in said cause by said Maher, and that said Kelly promised to give him all needful information in relation to the business transactions of said firm; but that since said interview he had been unable to see said Kelly at any time, or to obtain any information from him, and has been and will be compelled to acquire a knowledge of said business transactions from other sources as best he can. That he has seen W. W. Drummond, the former solicitor in this cause, but that he was either unable or unwilling to give any information in relation to the facts in said cause. That, from an examination of the articles of copartnership and the evidence and facts in the case, so far as he has been able to acquire a knowledge of the same, he believes that a proper defense cannot be made for said Maher, under the joint answer of said Maher & Kelly, filed in said cause. That if leave can be obtained for so doing, it will be necessary to file a separate answer for said Maher. That since June 28 he and his partner have made every possible effort to complete the taking of the testimony on the part of said Maher, but have been unable to take but a small portion of the same. That said rule was taken June 20th, since which time, in his opinion, it would have been wholly impossible to take the necessary proof in the cause, if he and his partner had occupied their whole time for that purpose.

On the 3d day of November, 1862, the cause was set for hearing on the 10th of that month; and on the same day the complainant moved the court to strike from the files the separate answer of the defendant Maher, for the reason that said answer is contradictory to the statements contained in the first answer filed by him, and is inconsistent therewith, and attempts to change the whole ground of defense of the first answer. In opposition to this motion the foregoing affidavits of Maher, and his counsel, Nicholes, were read; but the court sustained the motion, and the separate answer of Maher was stricken from the files.

The cause finally coming on to be heard, the defendant Maher offered certain witnesses to be sworn and to testify in open court.

· And thereupon the judge presiding inquired of defendants' counsel if they proposed to prove by these witnesses any particular facts, to which the counsel replied that they wished to examine them generally for the defense, to be sworn and examined in support of said defendants' answer and cross-bill, and offered to furnish parol proof, by the testimony of said witnesses on the trial of this cause, sustaining the allegations of said defendants in their answer and cross-bill in this cause.

· Whereupon the complainant objected to the examination of said witnesses, and to the introduction of parol evidence in the trial of said cause, which objection the court sustained, and refused to allow said defendant to examine the witnesses and to introduce general parol proof on the trial of the cause, on the ground that the rule for closing the proofs before the hearing had been often extended on the motion of said defendants, and the last of which extensions of time for closing proofs had terminated, to which ruling of the said court, in sustaining said objection of said complainant to said defendants' examining said witnesses and introducing parol testimony on the trial of this cause as aforesaid, the said defendant, Maher, excepted.

: A decree was entered adverse to the interests of the defendant, Maher, from which he took this appeal.

The only questions considered by the court are, *first,* whether the court erred in striking from the files the separate answer of Maher, and, *second,* whether his right to introduce oral testimony on the hearing was affected by the order closing the proofs in the case prior to that time.

: Messrs. D. C. & I. J. NICHOLES, for the appellant.

: Messrs. HERVEY, ANTHONY & GALT, for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

· The appellee's testator filed a bill in equity against the appellant and Edward Kelly to dissolve a copartnership between them, and wind up its affairs. A joint and several answer

under oath was filed by the defendants, to which there was a replication. The defendants filed a cross-bill, alleging a violation of the articles of copartnership by the complainant, from which they had sustained damages, and praying for their allowance. An answer was filed to the cross-bill, to which there was also a replication. Subsequently the appellant made an application to file a further answer, which was granted, and, as the record states, subject to objection and to such disposition as the court might make of it at the final hearing. The final decree directs the further answer of the appellant to be stricken from the files, and we presume that this was done for the reason that the court was of the opinion that he was not entitled to relief from the admissions of his former answer. Where an answer is not under oath, and a further answer is necessary to present a defendant's case, it is always allowed upon application made in apt time, so that the complainant is not surprised or delayed in the progress of the cause, nor injustice is done him thereby.

The original answer, until it is otherwise ordered, always remains a part of the record, and, while it so remains, the defendant is bound by its admissions, and a retraction of them in a supplemental answer is of no more use than so much waste paper. The court never allows its records to be incumbered with useless papers. If an admission has been made in an answer improvidently and by mistake, the court will relieve the party making it from its effect, by an order directing so much of the answer as contains the admission to be treated as no part of the record, but, before such an order will be made, the court must be satisfied by affidavit that the admission was made under a misapprehension or by mistake. Courts exercise a liberal discretion in relieving from the effect of admissions in answers not under oath, which are mere pleadings and are frequently signed by counsel; but where an answer is under oath great caution is observed. If the relief sought is from an admission of law it may be sufficient to show that he was erroneously advised by his solicitor in that regard; but where the relief sought is from an admission of fact it should be shown

that the answer was drawn with care and attention, stating upon information and belief such facts as were not within the defendant's own knowledge.   No court ought to relieve a party from the consequences of a reckless misstatement under oath. It should also be shown that the fact misstated was not one within the defendant's own knowledge, and that he was erroneously informed in regard to it, and made oath to the answer, honestly believing such erroneous information.   The affidavit of the appellant was entirely insufficient to relieve him from the effect of admissions in his original answer, and his application to file a supplemental answer for that purpose was properly denied.

An order was made, during the progress of the cause, requiring the defendants to close their proofs by a day named, which was afterward enlarged, upon their motion.   At the hearing the appellant offered to sustain the allegations of his answer and cross-bill by the testimony of witnesses to be examined in open court; but he was not allowed to examine them, because the rule for closing proofs had expired.   Under the act of February 12, 1849, parties have the right to sustain every material allegation of their pleadings by an examination of witnesses in open court, and no order can be made abridging the rights of parties under it, or requiring them to waive or forego the rights thus secured to them.   The proper practice is to set the cause for a hearing, and if afterward justice or convenience require further delay the hearing may be postponed, from time to time, until the court, in its discretion, directs the parties to proceed therein.   Every reasonable indulgence should be granted to parties to enable them to procure their testimony; and, after it has been done, if they are not prepared at the hearing, they should justly suffer the consequences of their own neglect.   It was suggested, in argument, that the testimony offered by the appellant was only cumulative.   If it so appeared by the record, and the testimony had been excluded for that reason, the case would merit a different consideration. According to the record, the parties were not heard, as they were entitled to be; and, without any examination of the merits

of the case, the decree of the court below will be reversed, and the cause remanded for further proceedings.

*Decree reversed.*