[No. 5229. Decided March 23, 1905.]

PHILLIPS MORRISON, *Appellant,* v. J. B. BERLIN *et al., Respondents.*[1]

JUDGMENT—VACATION—COLLATERAL ATTACK UPON SUBSEQUENT JUDGMENT AFTER VACATING VOID DECREE. Where a default judgment is, on motion of the plaintiff, found to be fraudulently entered and void, it may be vacated and a new judgment entered in accordance with the demand of the complaint, without notice to the defendants; and, upon a collateral attack, the subsequent judgment will be presumed to have been made on sufficient showing, nothing appearing to the contrary in the record.

QUIETING TITLE—PLEADINGS—COMPLAINT—SUFFICIENCY AS TO PART OF LOT—DEMURRER. In an action to quiet title to a lot, sold under a tax foreclosure which was alleged to be void, it is error to sustain a general demurrer to the complaint upon its appearing by a bill of particulars that the tax foreclosure was valid, where the tax deed covered only a portion of the lot.

[1]Reported in 79 Pac. 1114.

Appeal from a judgment of the superior court for King county, Bell, J., entered April 2, 1904, dismissing an action to quiet title, upon sustaining a demurrer to the complaint.   Reversed.

*Charles E. Patterson,* for appellant.

*John G. Gray,* for respondents.

FULLERTON, J.—The appellant brought this action under Bal. Code, § 5500, to recover the possession of lot 18, in block 25, of the city of West Seattle, and to remove clouds from and quiet his title thereto.   In his complaint he alleged, in substance, that he was the owner, and entitled to the possession, of the lot mentioned, and that the respondents, by themselves and their tenants, were wrongfully in possession of the same, claiming title thereto adversely to him; that they claimed title thereto by virtue of a sale in a tax foreclosure proceeding, which sale was void; and that he had demanded possession of the lot, and had tendered to the respondents the amount of taxes, penalties, interest and costs paid by the purchaser at the sale of the lot in such proceeding.   In response to a demand for a bill of particulars, the appellant set out the record of a tax foreclosure proceeding, from which it appeared that the east one hundred and ten feet of the lot had been sold, under a decree obtained in a proceeding brought to foreclose a certificate of delinquency, issued by the county for delinquent taxes.   On the filing of this bill of particulars, the respondents demurred to the complaint, which demurrer the trial court sustained, and, on the refusal of the appellant to plead further, entered a judgment dismissing his action.

From the bill of particulars it appears that the appellant was served personally in the tax foreclosure proceeding, and made default therein, and that the court, after

the time for answering had expired, entered what on its face purported to be a judgment foreclosing the certificate. Later on it entered another judgment in the same proceeding, in which it found that the first judgment was fraudulently entered, was void and of no effect, and that the plaintiff in that proceeding was entitled to have the same vacated. The judgment was thereupon adjudged to be vacated, and a new judgment entered according to the demand of the complaint. It was on this last judgment that the east one hundred and ten feet of the lot in question was sold, and through which the respondents derive such title to the property in question as they have.

The appellant contends that the judgment is erroneous for two reasons: (1) that the tax foreclosure proceedings show that the judgment entered therein is void; and (2) that the complaint states a good cause of action for the recovery of all that part of the lot other than the east one hundred and ten feet. In support of the first proposition the appellant argues that the entry of the first judgment exhausted the powers of the court; that it was a binding judgment, and an end to the litigation; and that the court could not thereafter enter another valid and binding judgment in the same action; and hence the sale under the latter judgment, through which the respondents claim title, was void and passed no title. It is undoubtedly a general rule that the entry of one judgment in an action or proceeding bars the court from entering another, so long as the first remains on the record not vacated nor reversed, but the rule has reference to a valid judgment. If for any reason the first judgment is void, and of no effect, there is no objection to the court's subsequently entering a valid judgment in the action or proceeding, though the first might remain on the record unchallenged. But here the court found the first judgment void, and declared the same vacated at the time it entered its second judgment. It is

true it did this without further notice to the appellant, and without anything appearing on the face of the record to indicate that the first judgment was void, but this is no reason for declaring its action in entering the second judgment of no effect. The appellant is attacking the proceedings collaterally, and all intendments are in favor of their regularity; and, inasmuch as the court found that the first judgment was void and should be vacated and set aside, we must presume that its finding is based upon sufficient cause, since nothing appears to the contrary. And, of course, if the first judgment was void, the court could set it aside without notice to the respondent, either on motion of the plaintiff in that action, or its own motion, and could enter up a valid judgment against the plaintiff, so long as it did not exceed the relief warranted by the allegations of the complaint.

As to the second objection, we think there can be no question, that a cause of action is stated in the complaint for the recovery of the portion of the lot not included in the east one hundred and ten feet thereof. Apart from the bill of particulars, the complaint contained all of the essential allegations of a good complaint in ejectment to the whole lot, and, although the bill of particulars did show that these allegations could not be established as to the east one hundred and ten feet of the same, the court was not justified in sustaining a demurrer thereto. The appellant is not to be denied the right to recover that to which he is justly entitled simply because he claims too much; and the court should have overruled the demurrer, and compelled the respondents to answer as to their possession and claims to that part of the property not included in the foreclosure sale.

We are aware that the respondents seek to justify this part of the court's ruling by the claim that the appellant did not specially call the court's attention to the fact that

the tax foreclosure sale did not include the whole lot; but there is nothing in the record to substantiate this claim, much less is there anything showing actual deceit, which alone would justify us in affirming a judgment under the circumstances shown here. The respondents seem to forget that they were the demurrants, and of themselves owed a duty to the court not to make their claims broader than the facts warranted.

For the error last indicated, the judgment is reversed, and the cause remanded for further proceedings.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.