[No. 5678.  Decided September 19, 1905.]

## In the Matter of the Estate of JOHN SULLIVAN, Deceased. EDWARD CORCORAN et al., Appellants, v. MARIE CARRAU et al., Respondents.[1]

JUDGMENTS—COLLATERAL ATTACK—ORDER OF DISMISSAL VACATING A PREVIOUS ORDER. An order of dismissal, which set aside and took the place of an order of dismissal entered the day before, is presumed regular, on collateral attack by respondent upon moving to dismiss an appeal therefrom because no appeal was taken from the first order, which latter is therefore *functus officio* and without vitality.

APPEAL—FINAL ORDERS. An order vacating a previous dismissal, and dismissing a will contest, is a final order affecting a substantial right, and is appealable, the first order being without further vitality.

WILLS—CONTEST—PLEADING—AMENDMENT OF PETITION—INSTITUTION WITHIN ONE YEAR. When a will contest is filed within time, and the petition is struck out for want of verification, with express leave to amend, the court is not without jurisdiction, and the proceeding is not barred, by reason of the fact that the amended petition was not filed within one year.

SAME—TIME FOR FILING CONTEST. When a decree admitting a will to probate is void, the time for filing a contest is not limited to one year.

SAME—DISMISSAL FOR WANT OF PROSECUTION—PROCEEDINGS STAYED BY INJUNCTION OF FEDERAL COURT—EXCUSE FOR DELAY. It is error to dismiss a will contest for want of prosecution, when the proceedings were restrained by the order of the Federal court, although the proceeding in such court was instituted by the contestants of the will while the matter was still pending in the state courts.

WILLS—PROBATE—CITATION—SERVICE—TEN DAYS NOTICE—ORDER OF PROBATE—JURISDICTION. The probate of a will is void for want of jurisdiction when no notice to the widow or next of kin was given under Bal. Code, § 4606, requiring a ten days' notice of the time set for hearing.

SAME—BURDEN OF PROOF. Upon a contest, the burden of proof is upon the proponent of a will, although a decree had been entered admitting the will to probate, where such decree was void for want of jurisdiction.

[1] Reported in 82 Pac. 297.

SAME—OFFER OF PROOF OF NUNCUPATIVE WILL—TIME FOR—VOID ORDER OF PROBATE—REVERSAL—EFFECT ON PENDENCY OF PROCEEDING. When proof of a nuncupative will was offered within six months, and a void order of probate was entered thereon, it cannot be claimed, after a reversal of the order on appeal, that the proof was not "offered" in time, and that it is now too late to offer such proof upon the retrial of the contest.

APPEAL — HEARING — QUESTIONS NOT HEARD IN LOWER COURT — ADVISORY DECISIONS. The supreme court will not decide matters never presented for hearing in the court below, where its decision would only be advisory.

Appeal from an order of the superior court for King county, Bell, J., entered January 7, 1905, dismissing a petition to set aside the probate of a nuncupative will, upon granting the proponent's motions to strike and to dismiss for want of prosecution. Reversed.

*Piles, Donworth, Howe & Farrell (Shank & Smith, of counsel), for appellants,* contended among other things: The statute having expressly provided that no proof should be heard until citation to the widow or next of kin, and proof having been entered without notice, there was no process of law and the decree was a nullity. Pierce's Code, §§ 2331, 2352; Bal. Code, §§ 4606, 6083; *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640; *Corcoran v. Bell,* 36 Wash. 217, 78 Pac. 945; *National Exchange Bank v. Wiley,* 195 U. S. 257, 25 Sup. Ct. 70; *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Ball v. Clothier,* 34 Wash. 299, 75 Pac. 1099; *In re Leonard's Will,* 65 N. J. L. 167, 47 Atl. 222; *Randolph v. Bayue,* 44 Cal. 366; *Charlebois v. Bourdon, Adm'r,* 6 Mont. 373, 12 Pac. 775; *Ashurst v. Fountain,* 67 Cal. 18, 6 Pac. 849; *Spencer v. Houghton,* 68 Cal. 82, 8 Pac. 679; *Haws v. Clark,* 37 Iowa 355; *Boals v. Shules,* 29 Iowa 507; *Jones etc. Lumber Co. v. Boggs,* 63 Iowa 589, 19 N. W. 678; *Sprote v. Marshall,* 4 Iowa 344; *Hodges v. Brett,* 4 Iowa 345; *Melbourn v. Fouts,* 4 Iowa 346; *Fernekes v. Case,* 75 Iowa 152, 39 N. W. 238; *Joiner v. Delta Bank,* 71 Miss. 382, 14 South. 464; *Hunsaker v. Coffin,* 2 Ore. 107; *Northcut v. Lemery,* 8 Ore. 316; *Lewis*

*v. Bishop,* 19 Wash. 312, 53 Pac. 165; *Everett Water Co. v. Fleming,* 26 Wash. 364, 67 Pac. 82; *Simon v. Craft,* 182 U. S. 427, 21 Sup. Ct. 836, 45 L. Ed. 1165; *Roller v. Holly,* 176 U. S. 398, 20 Sup. Ct. 410, 44 L. Ed. 520; *Hovey v. Elliot,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215; *Earle v. McVeigh,* 91 U. S. 503, 23 L. Ed. 398; *Winsor v. McVeigh,* 93 U. S. 274, 23 L. Ed. 914; *Scott v. McNeal,* 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896; *Fayerweather v. Ritch,* 195 U. S. 276, 25 Sup. Ct. 58; *Medlock v. Merrit,* 102 Ga. 212, 29 S. E. 185; *Heminway v. Reynolds,* 98 Wis. 501, 74 N. W. 350. The Federal injunction remained in full force and effect during the appeal therefrom, and prevented further action in the state courts. *Hovey v. McDonald,* 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; *Leonard v. Ozark Land Co.,* 115 U. S. 465, 6 Sup. Ct. 127, 29 L. Ed. 445; *Knox County v. Harshman,* 132 U. S. 14, 10 Sup. Ct. 8, 33 L. Ed. 249; *New River Mineral Co. v. Seeley,* 117 Fed. 981; *State ex rel. Commercial etc. Co. v. Stallcup,* 15 Wash. 263, 46 Pac. 251; *State ex rel. Busch v. Dillon,* 96 Mo. 56, 8 S. W. 781; *Ex parte Whitmore,* 9 Utah 441, 35 Pac. 524; *State ex rel. Bettman v. Harness,* 42 W. Va. 44, 26 S. E. 270; *National Docks etc. R. Co. v. Pennsylvania R. Co.,* 54 N. J. Eq. 167, 33 Atl. 936; *Bullion etc. Min. Co. v. Eurkea Hill Min. Co.,* 5 Utah 151, 13 Pac. 174; *Merced Min. Co. v. Fremont,* 7 Cal. 130; *Heinlen v. Cross,* 63 Cal. 44; *Woodruff v. Taylor,* 20 Vt. 65; *Galpin v. Page,* 85 U. S. 350, 21 L. Ed. 959; *Floto v. Floto,* 213 Ill. 438, 72 N. E. 1092; *Mousseau's Will,* 30 Minn. 202, 14 N. W. 887; *Gay v. Minot,* 3 Cush. 352; *Bailey v. Osborn, Adm'r,* 33 Miss. 128. The statute does not require that a petition contesting a will shall be verified. *Hunt v. Phillips,* 34 Wash. 362, 75 Pac. 970; *Higgins v. Nethery,* 30 Wash. 239, 70 Pac. 489; 22 Ency. Plead. & Prac., pp. 1016, 1023; *Matthews v. Sontheimer,* 39 Miss. 174; *Hilton v. St. Louis,* 99 Mo. 199, 12 S. W. 657; *Wardle v. Cummings,* 86 Mich. 395, 49 N. W. 212, 538. Even where a statute requires a

petition to be verified, the lack of a verification to the petition is not jurisdictional, and much less is a mere defect jurisdictional. *Smith v. Newell,* 32 Wash. 369, 73 Pac. 369; *McCoy v. Ayers,* 2 Wash. Ter. 307, 5 Pac. 843; *Dexter Horton & Co. v. Sparkman,* 2 Wash. 165, 25 Pac. 1070; *Pearson v. Seattle,* 14 Wash. 438, 44 Pac. 884; *Sutherland v. Hankins,* 56 Ind. 343; *Myers v. McGavock,* 39 Neb. 843, 58 N. W. 522, 42 Am. St. 627; *Hamiel v. Donnelly,* 75 Iowa 93, 39 N. W. 210; *Ellsworth v. Hall,* 48 Mich. 407, 12 N. W. 512; *Trumble v. Willaims,* 18 Neb. 144, 24 N. W. 716. The contest was instituted by the first appearance, irrespective of the amended petition. *Lilly v. Tobbein,* 103 Mo. 477, 15 S. W. 618, 23 Am. St. 887; *Sinnet v. Bowman,* 151 Ill. 146, 37 N. E. 885; *United States Ins. Co. v. Ludwig,* 108 Ill. 514; *George v. Reed,* 101 Mass. 378; *Wolf v. Bauereis,* 72 Md. 481, 19 Atl. 1045, 8 L. R. A. 680; *Buel v. St. Louis Transfer Co.,* 45 Mo. 562; *South etc. R. Co. v. Bees,* 82 Ala. 340, 2 South. 752; *Blanchard v. Lake Shore etc. R. Co.,* 126 Ill. 416, 18 N. E. 799, 9 Am. St. 630; *Texas etc. R. Co. v. Cox,* 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; *Haynie v. Chicago etc. R. Co.,* 9 Ill. App. 105. Nuncupative wills are regarded with suspicion, and the statutes in reference to their execution and probate are strictly enforced. *Prince v. Hazelton,* 20 Johns. 502; *Yarnall's Will,* 4 Rawle 46, 26 Am. Dec. 115; *Carroll v. Bonham,* 42 N. J. Eq. 625, 9 Atl. 371; *Boyer v. Frick,* 4 Watts & S. 357; *Haus v. Palmer,* 21 Pa. St. 296; *Scaife v. Emmons,* 84 Ga. 619, 10 S. E. 1097, 20 Am. St. 383; 1 Redfern, Wills, 185; Schouler, Wills (3d ed.), § 377; *Mitchell v. Vickers,* 20 Tex. 377; *Bronson v. Burnett,* 1 Chand. 136; 4 Kent's Commentaries (13th ed.), 517; *Cole v. Mordaunt,* 4 Veazy 196, note. The superior court is a court of general jurisdiction, and it having had presented to it a petition praying it to set aside a judgment which was void upon the face of the record, and the respondent having appeared in answer to process issued by the court upon that petition, the superior court

acquired full jurisdiction of the controversy presented by the petition. *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446; *In re Yamashita,* 30 Wash. 234, 70 Pac. 482; *Bailey v. Hood,* 38 Wash. 700, 80 Pac. 559; *Filley v. Murphy,* 30 Wash. 1, 70 Pac. 197; *Browder v. Phinney,* 30 Wash. 74, 70 Pac. 264; *Rathjens v. Merrill,* 38 Wash. 442, 80 Pac. 754; *Reformed Presbyterian Church v. McMillan,* 31 Wash. 643, 72 Pac. 502; *Ball v. Clothier,* 34 Wash. 299, 75 Pac. 1099. The contention that there was any failure to prosecute on the part of the petitioners is without merit. *Bignold v. Carr,* 24 Wash. 413, 64 Pac. 519; *Herman v. Pacific Jute Mfg. Co.,* 131 Cal. 210, 63 Pac. 344; *Hornick v. Holtrup,* 25 Ky. Law 1030, 76 S. W. 874; *Meloy v. Keenan,* 17 App. D. C. 235; *Ferris v. Wood,* 144 Cal. 426, 77 Pac. 1037; *Beirne v. Wadsworth,* 36 Fed. 614; *Hine v. Grant,* 119 Wis. 332, 96 N. W. 796.

*J. P. Houser* and *J. W. Robinson,* for respondent Marie Carrau, contended among other things, that the state court had exclusive jurisdiction of the proceedings to probate the will, which therefore would not be affected by the Federal court proceedings. *Carrau v. O'Callaghan,* 125 Fed. 657. It was discretionary to dismiss the contest proceedings for want of prosecution. *Sanborn v. Centralia Furn. Mfg. Co.,* 5 Wash. 150, 31 Pac. 466; *Johnston v. Gerry,* 34 Wash. 524, 76 Pac. 258, 77 Pac. 503; *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Griggs v. MacLean,* 33 Wash. 244, 74 Pac. 360. It was jurisdictional that the amended petition in contest of the probate be filed within one year, after which time the court had no jurisdiction of the subject-matter. Page, Wills, § 323; *Meyer v. Henderson,* 88 Md. 585, 41 Atl. 1073, 42 Atl. 241; *Bacigalupo v. Superior Court,* 108 Cal. 92, 40 Pac. 1055; *Storrs v. St. Luke's Hospital,* 180 Ill. 368, 54 N. E. 185, 72 Am. St. 211; *Evansville Ice etc. Co. v. Winsor,* 148 Ind. 682, 48 N. E. 592; *Bartlett v. Manor,* 146 Ind. 621, 45 N. E. 1060; *Stowe v. Stowe,* 140 Mo. 594, 41 S. W. 951;

*In re Estate of Sbarboro,* 63 Cal. 5; *Nichol's Estate,* 174 Pa. St. 405, 34 Atl. 566; *Fritz v. Barnes,* 6 Neb. 435. Want of notice of the probate is nothing but an irregularity where, as here, the statute gives one year within which to file a contest, irrespective of the notice. *O'Callaghan v. O'Brien* (U. S.), 25 Sup. Ct. 727; *Reese v. Nolan,* 99 Ala. 203, 13 South. 677; 16 Ency. Plead. & Prac., 1004; *Hall's Heirs v. Hall,* 47 Ala. 290; *Wetmore v. Parker,* 52 N. Y. 450; *Dickey v. Vann,* 81 Ala. 425, 8 South. 195; *Herring v. Ricketts,* 101 Ala. 340, 13 South. 502; *Wahl v. Franz,* 100 Fed. 680.

HADLEY, J.—This is an appeal from an order dismissing a petition interposed for the purpose of contesting the probate of an alleged nuncupative will. John Sullivan died in the year 1900, leaving a large estate consisting of real and personal property. In November, 1900, Terence O'Brien was appointed general administrator of said estate, and he is still acting as such. On the 8th day of March, 1901, Marie Carrau filed in the superior court of King county, where the administration proceedings are pending, a petition for the probate of an alleged nuncupative will, which she avers was made by the said deceased, and under which she claims to be the sole beneficiary. The record shows that, on the same day the petition was filed, a so-called citation was issued, directed to the widow and next of kin of said deceased, citing them to appear before said court at the hour of 10 o'clock, a. m., on the said day, and reciting that at said time the said petition would be heard. The citation was filed on the same day, and attached thereto was the return of the sheriff that, after diligent search, he was unable to find the widow or next of kin of said deceased in King county. Thereupon, on the same day, the court heard testimony and entered an order admitting said alleged will to probate.

On June 20, 1901, Hannah O'Callaghan and Edward Corcoran filed their petition contesting the said nuncupative

will and the said order of probate. They alleged, that Sullivan died intestate, leaving no widow or children, father or mother, brothers or sisters, and no heir or next of kin other than the petitioners, who are alleged to be the first cousins, and the only first cousins, of the deceased; that said Marie Carrau and two of her sisters and a brother-in-law had conspired together to manufacture a pretended will; and that these persons had procured said order of probate without notice to any one, and without any lawful citation having been issued. They asked that said order of admission to probate be set aside. Marie Carrau answered said petition in November, 1901.

On the 3d day of March, 1902, said O'Callaghan and Corcoran filed a second petition in said contest, and on April 16 of said year Marie Carrau moved to strike said last named petition, on the ground that it was neither signed nor verified by the petitioners, nor by any one authorized in law to verify it. The court granted this motion, and expressly granted the petitioners leave to amend. The petitioners then filed an amended petition containing a verification by counsel which stated that the petitioners were non-residents, and that they were not in King county. The last named petition was filed April 19, 1902. Marie Carrau moved to strike this petition on the alleged ground that the petitioners had not appeared to contest said will within one year from the probate thereof, and afterwards, in March, 1904, before said motion was ruled upon, she further moved that the petition be dismissed for want of prosecution. On the 6th day of January, 1905, the court entered an order granting said motions and dismissing the petition. On the following day, January 7, the court entered the following order:

"It is by the court ordered that, as the order of the undersigned made on January 6th, 1905, dismissing the amended petition of contest of the above amended petitioners filed April 19th, 1902, was made in the absence

of counsel for petitioners, the said order is set aside and now on this 7th day of January, 1905, the said amended petition is hereby dismissed. W. R. B. This order is made for the purpose of having the order of Jan. 6th, 1905, entered and effective as of this date."

At the time of the entry of the last named order, Edward Corcoran and Charles H. Farrell, as administrator of the estate of Hannah O'Callaghan, deceased, gave oral notice in open court that they appealed from so much of said order as dismissed the said petition. It is that appeal which is now before us.

Terence O'Brien, as the administrator of the Sullivan estate, is made a party respondent to this appeal, but Marie Carrau is the only respondent who has appeared by counsel in this court. Said respondent has moved to dismiss the appeal, on the alleged ground that the record discloses facts which deprive this court of jurisdiction. Respondent's contention in this particular is based upon the following facts: As above stated, the court, on January 6, 1905, entered an order dismissing appellants' petition. On January 7 that order was vacated, and another order of dismissal was entered, a copy of which is hereinbefore set out. The oral notice of appeal relates to that part of the last order which dismissed the petition. Respondent contends that the real judgment of dismissal was that entered January 6, and that no appeal has been taken from that judgment. Respondent has not appealed from the order of January 7, and her motion to dismiss the appeal is therefore a collateral attack upon so much of that order as vacated the order of January 6. When proceedings are collaterally attacked, all intendments are in favor of their regularity, and inasmuch as the court found that the first order should be vacated and set aside, we must presume that its finding was based upon sufficient cause, unless the contrary clearly appears. *Morrison v. Berlin,* 37 Wash. 600, 79 Pac. 1114. In *Colton*

14—40 WASH.

*Land & Water Co. v. Swartz,* 99 Cal. 278, 33 Pac. 778, the court said:

"The court had jurisdiction of the parties to the action and of the subject-matter, and upon a collateral attack every presumption will be indulged in support of its judgment. If necessary, therefore, it will be assumed that the former judgment was vacated by consent of the parties, and that an order showing such consent and the vacating of the judgment appears in the minutes of the court."

The same court, in *Parker v. Altschul,* 60 Cal. 380, said:

"All presumptions are in favor of the correctness of the proceedings of courts of general jurisdiction, and as the consent of the defendants would have justified the order of the court, we must presume that such consent was given, there being nothing in the record to show that it was not."

In support of the proposition that a trial court, after entering judgment, commits error if it vacates that judgment for mere error of law, respondent cites *Coyle v. Seattle Electric Co.,* 31 Wash. 181, 71 Pac. 733. In that case, however, the party aggrieved appealed from the order of vacation, and the entire record and attending facts were thus brought up for review. In this case respondent neither appealed from the order of vacation nor attacked it in the court below. The case cited is, therefore, not applicable here. In the absence of an appeal from the order of vacation, or of a direct attack thereon, the presumption as to regularity, within the authorities above cited, must obtain, The order of vacation was a final one affecting a substantial right of respondent with respect to the extension of the time within which appellants could appeal, and it was therefore appealable. *State ex rel. Cleek v. Tallman,* 38 Wash. 132, 80 Pac. 272. Moreover, while the last order remained in force, the first one, which had been set aside, was *functus officio,* and was one from which appellants could not appeal. The first dismissal·had been set aside. The last order dismissed the petition, and it was the one in force. It is the

dismissal of the petition of which appellants complain, and they were therefore required to appeal from the last order and not from the first which, as the record stood, was without vitality.

"So long as this last judgment remains in force, and not appealed from, the first order is not the subject of appeal; since it would be of no service to the appellants to reverse the first order, and leave in force the last order affirming it." *Horn v. Volcano Water Co.*, 18 Cal. 141.

See, also, *Luck v. Hopkins,* 92 Tex. 426, 49 S. W. 360; *Keystone Iron Works Co. v. Douglass Sugar Co.,* 55 Kan. 195, 40 Pac. 273. For the foregoing reasons, the motion to dismiss the appeal is denied.

It is urged by appellants that the court erred in dismissing their amended petition contesting said alleged will. One ground of the dismissal was that the petition was not filed within one year after the entry of the decree of probate. It will be remembered from the preliminary statement herein that the original petition in contest was filed long within the year, and that respondent answered that petition. A second petition was also filed within the year, but soon after the expiration of the year respondent moved to strike it because not properly verified. This motion was granted by the court, but accompanied with the express condition that appellants should have leave to amend. They did amend the verification by simply stating that the petitioners were nonresidents and not within King county. The petition so amended was filed after the expiration of the year from the date of the order admitting the alleged will to probate.

Appellants argue with much force that the statute authorizing the contest of wills and outlining the procedure therefor does not require that petitions in such contests shall be verified. It is certain that the statute does not in terms say that a verification is required. We shall not, however, decide that question now, but shall meet the point raised here on respondent's theory that the petition should be veri-

fied in accordance with the general provisions of the code in reference to the verification of pleadings. Bal. Code, § 4955, provides that, "Any pleading not duly verified and subscribed may, on motion of the adverse party, be stricken out of the case." The petition which was stricken was both subscribed and sworn to by counsel. It was not "duly" verified, in that the reason why counsel verified it was not stated, as required by Bal. Code, § 4925. While the above quotation from § 4955 shows that a pleading not duly verified may, on motion, be stricken, yet the same section provides that, when such motion is allowed, the court may permit the party to file an amended pleading. That is just what the court did in this case. In an ordinary civil action or proceeding it is manifest that jurisdiction is not lost when a pleading is merely stricken and an amendment allowed. The court retains jurisdiction and the action proceeds. We see no reason why it should be held that a different rule applies to the proceedings for the contest of wills. It is true that Bal. Code, § 6110, provides that a contest shall be instituted within one year from the probate of the will, but it was so done in this case, if we assume that the probate decree was valid, and the parties were before the court long before the year expired. The mere fact that the petition was stricken and the amendment permitted after the year expired did not make it a contest instituted after the year. The court already had jurisdiction of the subject-matter and of the parties. By permitting the amendment, and by virtue of the statute allowing it, jurisdiction was retained. Moreover, for reasons which will be hereinafter stated, no valid decree admitting this alleged will to probate was ever entered. For this additional reason appellants were not limited in their time to file their petition to one year from the date of the entry of a decree which was void. We therefore think the court erred in dismissing appellants' amended petition on the ground that the contest was not instituted within one year from the probate of the will.

The court also granted respondent's motion to dismiss the petition for want of prosecution, and this is also assigned as error. The delay was occasioned by reason of certain proceedings instituted by appellants in the circuit court of the United States for the district of Washington. Respondent contends that, by the institution of said proceedings, appellants in effect abandoned the courts of the state, and that this contest has not been prosecuted in good faith. We shall not undertake to inquire into the motives of appellants in seeking the aid of another tribunal. It is sufficient to say that their contention was regarded by the aforesaid court of sufficient seriousness to lead it to believe that it had jurisdiction to hear and determine a contest over this same alleged will and between the same parties who are litigating in this proceeding. That court determined the matter adversely to this respondent, and issued its injunction preventing her from further asserting any rights under the alleged will. It is true the decision of that court was afterwards reversed by the United States circuit court of appeals, ninth circuit (*Carrau v. O'Calligan*, 125 Fed. 657), and the decision of the last named court was affirmed by the supreme court of the United States. *O'Callaghan v. O'Brien* (U. S.), 25 Sup. Ct. 727. The mere fact that the Federal trial court erred in holding that it possessed jurisdiction did not remove the necessity or propriety for respect to its decree and injunction while the matter remained finally undetermined in the two appellate courts mentioned. Appellants could not proceed with the contest here waged without requiring respondent to violate the terms of the decree of the Federal court by resisting the contest, or without compelling her to simply stand by and allow them to proceed without resistance. Under such circumstances we think it was error to dismiss the petition for want of prosecution. Whatever procedure may have been had in the Federal court, the fact remains that an undetermined contest is pending in the state

court, and we think it is the duty of that court to determine it.

From what has been said it will be seen that the judgment appealed from must be reversed. In anticipation of a reversal, appellants further contend that the record before us discloses that the decree admitting the alleged will to probate is void; that being void, the time has now passed within which the will can be offered for probate, and that in remanding the case this court should so declare, so as to avoid the necessity of a contest. We shall first inquire into the contention that the decree of probate is void. In pursuance of the terms of Bal. Code, § 4606, proof in support of the will was offered to the court within six months after the alleged speaking of the testamentary words. The words were also committed to writing and a citation in form was issued, directed to the widow and next of kin of the deceased. We have seen that the citation was issued on the day that the petition for probate was filed, and was returned by the officer the same day, who recited in his return that such widow and next of kin could not be found in the county. It is conceded that there was neither widow nor child of said deceased, but no service of the citation was made, either personally or otherwise, upon any next of kin. Upon the citation and return aforesaid, the decree admitting the alleged will to probate was entered and all these proceedings occurred in one day. Section 4606, *supra*, requires that a citation shall be directed to the widow or next of kin "that they may contest the will if they think proper." Manifestly some service of the citation, either personal or otherwise, was necessary in order to advise the next of kin so that they might contest the will. Moreover Bal. Code, § 6083, provides as follows:

"In all cases in which citations are issued from the superior court in probate proceedings, they shall be served at least ten days before the term [time] at which they are made returnable, except when issued from the court in cases

where the law requires the judge to issue them upon his own motion, and he does so issue them; and in such cases they shall be served in sufficient time to allow the person served to be in attendance on the court."

The word "term," as originally used in the statute, is now obsolete by reason of the abolishment of statutory terms of courts, and that word should doubtless now be read as "time," thus making the service necessary at least ten days before the time set for hearing. The citation issued in the case at bar was not only not served, but it was made returnable on the same day it was issued. It was therefore void as process in that it did not conform with important statutory requirements. Without any valid process and without notice or appearance, the court was manifestly without jurisdiction to enter the decree, and it is therefore void. In view of the fact that the record shows that the decree is void for want of jurisdiction to enter it by reason of lack of process, we have passed thereon, because the validity of that decree was involved in the judgment of dismissal from which this appeal was taken. That judgment in effect ratified the validity of the decree and left it of record as establishing the validity of the alleged will. Appellants' petition called to the court's attention the invalidity of the decree, and by its dismissal of the petition the court declined to purge its records of the void decree. The determination of this question also makes clear the present status of the parties in relation to the proof of the proposed will and the contest thereof.

Referring now to appellants' further contention that the time has passed within which the will may be presented for probate, we have to say that the record shows that a petition for its probate was filed within the time required by statute. The alleged testamentary words were reduced to writing and proof in support thereof was "offered" (using the statutory word) within the required time. It then became the duty of the court to cause proper citation to issue

in order that it might be properly served and jurisdiction to hear and consider the offered testimony thereby obtained. The statute does not require that the citation shall necessarily be issued and served within six months after the testamentary words are spoken, but it does require that proof shall be offered within that time. We think, therefore, that respondent proposed the will for probate and offered her proof within the required time, and that she has not lost her opportunity to have her petition and proofs considered by the court. The decree of the court being void, the matter now stands as if no decree had been entered, and the court will hear the matter as on original hearing. The burden of proof in support of the alleged will is upon respondent, and is in no manner shifted to appellants by reason of the void decree. The interested parties having appeared and being now before the court, jurisdiction is vested, and the hearing of proof in support of the alleged will and of evidence in support of the contest thereof can proceed.

Appellants further contend that the record shows that the proposed will is invalid upon its face, in that the alleged spoken words do not constitute a will under the laws of this state, and that a nuncupative will is ineffective when the estate bequeathed exceeds in value the sum of $200. We are urged by appellants with much earnestness to pass upon these questions at this time. They are matters, however, which have never been passed upon by the trial court after a hearing. They involve the pith of this whole controversy, and are the very matters to be determined by the trial court after a full hearing. Respondent contends that this court has not the power to pass upon those questions now. Even if both parties were now consenting that this court should give its opinion as requested by appellants, it is manifest that it would be no more than advisory, and would not be binding as a judicial decision if the cause should again be brought here on appeal. However much it might serve present con-

venience to now have the opinion of this court, we do not deem it advisable to depart from the well-known rule governing appellate courts which requires that their decisions on appeal shall be confined to questions which have been duly litigated before and passed upon by trial courts. More especially do we think this rule should obtain with respect to the vital questions which underlie the whole controversy.

The judgment appealed from is therefore reversed, and the cause remanded, with instructions to the trial court to purge its record of the said void decree, and otherwise proceed in accordance with what has been hereinbefore said.

MOUNT, C. J., CROW, and FULLERTON, JJ., concur.

ROOT, J., took no part.