THE CITY OF CHICAGO, Appellee, *vs.* THOMAS H. HULBERT, Appellant.

*Opinion filed June 18, 1908.*

1. SPECIAL ASSESSMENTS—*when question of a conflict between ordinances is not saved for review.* The question of a conflict between the improvement ordinance and a prior track elevation ordinance should be raised at the hearing of the legal objections, and as the objection is one arising from evidence outside the record, such evidence, and exceptions to the rulings, should be preserved by a bill of exceptions taken at the term the legal objections were overruled or within the time extended at that term, and the question is not preserved by a motion for new trial at some subsequent term.

2. SAME—*when question will be presumed to have been determined on hearing of legal objections.* Where an objection which is raised on the hearing as to benefits is one which should have been made at the hearing of the legal objections, it will be presumed, in the absence of a bill of exceptions covering the trial of the legal objections, that it was so made and determined, and in such case it cannot be again raised at the hearing of the question of benefits.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

GEORGE W. WILBUR, for appellant.

GEORGE A. MASON, and FRANK JOHNSTON, JR., (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Cook county to confirm a special assessment to pay for paving with asphalt North Fortieth court from North avenue to Armitage avenue, in the city of Chicago. The appellant appeared and filed objections to confirmation. The legal objections were overruled and the appellant waived a jury upon the question of benefits, and upon the hearing upon that question before the court the assessment was confirmed, and the appellant has prosecuted an appeal to this court.

All of the legal objections, except the objections as to public benefits, were heard and overruled on December 26, 1906. On February 21, 1908, the objections as to public benefits were overruled, and the appellant then tendered to the court a bill of exceptions covering the trial had upon December 26, 1906, which the court declined to sign, on the ground that the application to sign and seal said bill of exceptions came too late. This ruling of the court, under the authority of *Village of Franklin Park* v. *Franklin,* 228 Ill. 591, was correct. The appellant, however, incorporated said unsigned bill of exceptions into the record, and this court, upon the motion of the appellee, struck the same from the record at the last term of this court. As section 47 of the Local Improvement act provides that the determination of the trial court on the question of public benefits shall be conclusive and not subject to review, and as no bill of exceptions covering the trial upon legal objections held in December, 1906, is found in the record, there is no question open to review on this appeal before this court except the correctness of the holding of the court upon the hearing upon the question of private benefits. Upon the trial of that question the appellant introduced in evidence an ordinance requiring certain railway companies to elevate their tracks at North Fortieth court, and then insisted there was a conflict between the improvement ordinance and the track elevation ordinance, as was done in *City of Chicago* v. *Hul-*

*bert,* 234 Ill. 321, and by reason of such claimed conflict contended that the improvement ordinance was void. The question thus sought to be raised should have been raised upon the hearing of legal objections, and in the absence of a bill of exceptions it will be presumed that such question was there raised and correctly disposed of, and it cannot be again raised upon the trial of the question of benefits.

In *Northwestern University* v. *Village of Wilmette,* 230 Ill. 80, it was held that upon the hearing upon the question of benefits there are two questions, only, which can be submitted to the court or jury for decision, namely, was the objector's property assessed more than it was benefited by the improvement or more than its proportionate share of the cost of the improvement? On page 92 of the opinion filed in that case the court said: "The court had held that the improvement was a proper one to be made, and all questions other than those suggested were entirely foreign to the questions being tried before the jury, and all evidence or instructions which sought to bring before the jury, and have them pass upon, the question whether the improvement should be made were properly excluded or refused."

If the appellant desired to raise the question of the validity of the improvement ordinance he should have done so upon the trial of the legal objections, and as his objections did not arise upon the face of the record but from evidence *aliunde* the record, he should have preserved the evidence upon that subject and his exceptions to the ruling of the court by bill of exceptions taken at the term the legal objections were heard and overruled or had the time for filing such bill of exceptions extended, and having failed to do so he cannot preserve such question for review in this court by a motion for a new trial, as was attempted in this case, made at a term held some fourteen terms subsequent to the term at which said objections were heard and overruled.

The judgment of the county court will be affirmed.

*Judgment affirmed.*