(No. 13396.—Judgment affirmed.)

THE COMMISSIONERS OF SAVANNA AND YORK DRAINAGE
DISTRICT, Defendants in Error, *vs.* BENJAMIN DELA-
VERGNE *et al.* Plaintiffs in Error.

*Opinion filed June 22, 1921.*

1. DRAINAGE—*motions must be preserved by bill of exceptions
or stenographic report.* The action of the court in overruling a
motion to strike from the files the commissioners' assessment roll
or in overruling a motion for a new trial and in arrest of judg-
ment, to be availed of as error on review in the Supreme Court,
must be preserved by a bill of exceptions or stenographic report
duly signed by the court and filed as a part of the record.

2. SAME—*what objection cannot be raised in trial as to bene-
fits.* An objection purporting to be to the commissioners' assess-
ment roll, which is, in fact, a legal objection to the petition for
carrying on the work, which was filed under section 37 of the
Levee act and on which the assessment roll is based, cannot be
raised upon the trial by the jury of the question of benefits.

3. SAME—*what questions, only, are before jury on hearing of
assessment roll.* The only two issues to be submitted to the jury
on the hearing of objections to the assessment roll of drainage
commissioners under the Levee act are, Was the property assessed
more than it was benefited? And was it assessed more than its
proportionate share of the cost?

WRIT OF ERROR to the County Court of Carroll county;
the Hon. ARTHUR J. GRAY, Judge, presiding.

O. M. GROVE, for plaintiffs in error.

STRANSKY & COUCHMAN, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The facts stated or admitted by plaintiffs in error in this
case are the following: The Savanna and York Drainage
District, located in Carroll county, Illinois, was organized in
1906 and has been in operation since that time. Originally
the project consisted of levees and ditches. In 1911 a small

pumping plant was installed. Both of these projects were partial failures, and in 1916 the commissioners secured the services of the Edmund T. Perkins Engineering Company to formulate a plan for the more successful drainage of the district. On November 13, 1916, the commissioners filed their petition in the county court of Carroll county for authority to do work in accordance with plans, specifications and profiles filed with the petition under section 37 of the Levee act. A number of objections were filed to the petition by Benjamin DeLaVergne, William Bertholf, Augustus Leavens and eleven other land owners of the district, December 2, 1916. A hearing was had before the county court on these objections, and on December 23, 1916, the court overruled the objections and found in favor of the petitioners; approved the plans and specifications filed with and made a part of the petition; authorized the commissioners to erect, maintain and operate the pumping plant mentioned in the petition and to clean out the main ditch; to move and enlarge the levees and to do all the work proposed and set forth in the petition and in the plans for additional reformation; to levy an assessment against the lands in the district according to benefits and to raise the necessary money to pay the cost of doing the work, in the sum of $51,312; to levy an annual assessment of $3500; to acquire the necessary right of way, and to make contracts to construct the work contemplated as proposed in their petition. The commissioners' roll of assessments of benefits and damages was filed April 7, 1917, and the court entered an order to empanel a jury to assess benefits and damages on any and all land in the district. On April 30, 1917, the objectors filed the following objection to the commissioners' roll of assessments of benefits and damages: "Because the petition filed in said cause November 13, 1916, praying for said assessment made certain specifications a part of said petition, in which specifications it is attempted to delegate authority that is conferred by law on the drain-

age commissioners to the engineer, as mentioned in said specifications, and that for that reason said petition and the order entered thereon purporting to authorize said commissioners to prepare a commissioners' roll of assessments of benefits and damages are both void." There is copied into the record by the clerk a purported motion by objectors to strike from the files the commissioners'. roll of assessments of benefits and damages, dated April 30, 1917, for the same reasons set forth in their objections to the roll of assessments. Said objections and motion were overruled by the court and a jury was empaneled to make the assessments of benefits and damages. ·The jury fixed the amount of assessments against objectors' land and the other land in the district, which was confirmed by the order of the court. There is also copied into the record by the clerk a purported motion for a new trial by objectors, setting forth as one of the grounds for the motion that the verdict of the jury is contrary to law; also a purported motion for arrest of judgment, setting forth the same ground therefor as above given for striking from the files the commissioners' roll of assessments. Benjamin DeLaVergne, Elijah H. Dyson, Norman Leavens, A. Leavens and William Bertholf have sued out this writ of error to review the record of the county court.

There is only one question on this record that plaintiffs in error are entitled to have reviewed on this writ of error. That is the single question arising on their assignment of error that the county court erred in overruling their objections to the commissioners' roll of assessments of damages and benefits. This is so because plaintiffs in error have filed no bill of exceptions or stenographic report signed by the court, of any kind or character, consequently no question can arise on this record as to the court's action in overruling their motion to strike from the files the commissioners' roll of assessments or in overruling their motion for a new trial and in arrest of judgment. All such motions, to be availed of on review in this court, must be preserved by a

bill of exceptions or stenographic report duly signed by the court and filed as a part of the record. (*Chicago, Rock Island and Pacific Railway Co.* v. *Town of Calumet,* 151 Ill. 512; *Nason* v. *Letz,* 73 id. 371; *Daniels* v. *Shields,* 38 id. 197.) The action of the court in overruling the objections to the commissioners' petition for authority to do work in accordance with the plans, etc., entered December 23, 1916, is not complained of by plaintiffs in error, and so far as this record shows, no appeal or writ of error was prosecuted to review that judgment or order of the court. No bill of exceptions or stenographic report signed by the trial judge as of the December term, 1916, appears in the record. The objections that were filed and overruled at that term of court are not copied or abstracted in the plaintiffs in error's abstract.

It is stated by the defendants in error's counsel in their brief and argument that the testimony of the engineer and of the three commissioners of the drainage district discloses that the provisions recited in the plans and specifications with reference to the engineer's authority to settle all questions of dispute between the contractor who shall contract to do the work and the drainage commissioners and to direct and approve the work generally, of which plaintiffs in error complain as illegal and unwarranted, were not intended to be considered as a part of any plans and specifications and that they would not be included in any contract which might be later let for the doing of the work. We are not able to determine whether such provisions were copied as a part of the plans and specifications by inadvertence or otherwise or whether the evidence so shows, as no bill of exceptions or stenographic report was filed, as already stated, preserving the evidence. As we view this matter, it is not material whether such provisions were or were not intended to be part of the petition in considering the question now before us. This court has repeatedly held that all legal objections to a petition of the drainage commission-

ers for authority to do work of the character now before us should be raised and considered at the time legal objections are made to the petition, and that all points then presented should be preserved and reviewed by writ of error or appeal directly prosecuted for that purpose, if such objections are overruled. (*City of East St. Louis* v. *Illinois Central Railroad Co.* 238 Ill. 296; *North Richland Drainage District* v. *Karr,* 280 id. 567.) After the court has passed upon such petition, overruling legal objections thereto, and has jurisdiction of the subject matter, as it has in this case, such judgment or order of the court can not be successfully attacked in a collateral proceeding. *Donner* v. *Highway Comrs.* 278 Ill. 189; *People* v. *Leavens,* 288 id. 447.

In an assessment proceeding of this kind, where a jury has been empaneled and ordered to make an assessment, there are only two issues to be submitted to the jury: (1) Was the property assessed more than it was benefited? (2) Was it assessed more than its proportionate share of the cost? (*Inlet Swamp Drainage District* v. *Gehant,* 286 Ill. 558.) The single objection that the plaintiffs in error raise to the assessment roll is a legal objection that goes directly to the validity of the petition aforesaid, and it will be presumed, in the absence of a bill of exceptions, that such question was then raised and correctly disposed of, and it cannot be again raised upon the trial of the question of benefits. *City of Chicago* v. *Hulbert,* 235 Ill. 204; *City of East St. Louis* v. *Illinois Central Railroad Co. supra.*

The county court properly overruled the objection of plaintiffs in error for the reasons aforesaid, and its order and judgment are affirmed.        *Judgment affirmed.*