VOGHT et al. v. HALL et al.

No. 33825.   Dec. 19, 1950.

*225 P. 2d 822.*

Judson H. Pierce, of Perry, for plaintiffs in error.

Al. T. Singletary, of Perry, for defendants in error, O. R. Hall, Executor of the Estate of Jeannette Johnson, deceased; Board of Trustees of the First Methodist Church of Perry, Oklahoma; Board of Trustees of the First Presbyterian Church of Perry, Oklahoma; Board of Trustees of the First Baptist Church of Perry, Oklahoma; Christ Lutheran Church of Sharon, Wisconsin; O. R. Hall, Trustee.

Charles R. Kerr, of Perry, for defendant in error Perry General Hospital, a corporation.

Dolezal & Chapin, of Perry, for defendant in error Board of Elders and Deacons of the First Christian Church of Perry, Oklahoma.

GIBSON, J. This case was a proceeding instituted by Martha M. Voght and others in the county court of Noble county to contest the will of Jeannette Johnson after the same had been admitted to probate. O. R. Hall, the executor of the will, and others filed motions to strike contestants' petition and therein challenged the jurisdiction of the court to entertain the proceeding upon the ground said petition did not comply with the mandatory provisions of Tit. 58 O. S. 1941 §61. The court overruled the motions to strike. On appeal therefrom to the district court the judgment of the county court was reversed and judgment striking said petition was entered.

Contestants instituted this proceeding to review the action of the district court.

Under the statute (58 O. S. 1941 §61) the contesting petition must be filed within one year after the probate. The will herein was probated on November 14, 1946. The petition was filed on the last day of the limitation period, November 14, 1947. The statute provides that the contestant must "file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth". The petition so filed was not sworn to and did not contain an averment that the evidence relied on was discovered since the probate of the will. On November 17, the third day following the filing of the petition, the county court permitted contestants to attach to the petition a written verification thereof. The court found that the verification had been previously prepared therefor but through inadvertence was not attached to nor filed with the petition, and ordered that the amendment was to be effective as of the date the petition was filed. And, on overruling the motion to dismiss, the court, by order, permitted contestants to further amend the petition by supplying the omitted averment above mentioned.

The judgment of the district court is correct. Any question of the want of jurisdiction in the county court to entertain the petition is foreclosed by the holding in Re Impunnubbee's Estate, 49 Okla. 161, 152 P. 346, wherein it is held:

"In a proceeding to contest the validity of a will, after the same has been admitted to probate, instituted in the county court pursuant to section 6219, Rev. Laws 1910, by 'any person interested therein,' upon any of the grounds of contest provided by section 6210, Rev. Laws 1910, it is mandatory upon such person to 'file in the court in which the will was proved a sworn petition in writing containing his alle-

.. no.

672

gations, that evidence discovered since the probate of the will, ·the material facts of which must be set forth,' shows the existence of the statutory ground or grounds for contest relied upon to avoid the deed."

The petition therein was sworn to but contained no allegations of facts other than the statutory grounds of contest. The court there said:

"Whilst this petition is verified by the contestant, there is no effort to comply with the part of the statute which provides that the contestant 'must file in the court in which the will was proved a sworn petition in writing containing his allegations that evidence discovered since the probate of the will, the material facts of which must be set forth, showing that certain of the grounds of the contestant were not known at the time the will was offered for probate."

And touching the legal effect of the noncompliance with the statute there is said:

"In our judgment, the petition filed by the contestants does not state facts sufficient to confer jurisdiction upon either the county or district courts to entertain a contest to determine the validity of a will, after the same has been admitted to probate."

There can be no question of the insufficiency of an unverified petition where the statute in express terms makes a sworn petition necessary.

Since the jurisdiction of the court was not invoked by the petition filed and could not have been invoked by any petition filed thereafter, the court was without jurisdiction to authorize either of said amendments and, the same had no effect in law.

Judgment affirmed.

DAVISON, C. J., and CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH, J., dissents.

WELCH, J. (dissenting). The evidence on which the contest was based was in fact discovered after the pro-

bate of the will. The affidavit or verification of the petition was in fact made before the petition was filed, but by inadvertence and oversight was not attached to the petition before filing. I think in the interest of justice the amendment was properly allowed in the county court.

My view is supported by statute 12 O. S. 1941 §317, and by the following authorities: 57 Am. Jur. (Wills, paragraph 790) page 537; 49 C. J. 486; 49 C. J. 505; 34 Am. Jur. 211 and 217; In re Sullivan's Estate, 40 Wash. 202, 82 P. 297; Decatur Coal Co. et al. v. Clokey, 332 Ill. 253, 163 N.E. 702; Blakeslee v. Blakeslee, 265 Ill. 48, 106 N. E. 470; Maher v. Bull, 39 Ill. 531, and Drainage Dist. v. DeLa Vergne, 298 Ill. 480, 131 N. E. 581.

The majority opinion seems only to be supported by the Impunnubbee case cited, but that case does not involve or touch upon the right to amend in case of mere inadvertence or oversight or the right to amend in any particular. That decision is not authority for the holding of the majority opinion that amendments, such as here allowed, could not be made after expiration of the time allowed by statute to file the petition, although the petition was filed in time. That exact question seems not to have arisen in Oklahoma before this case. I think we should hold the amendments were properly allowed in the county court.