THE CITY OF CHICAGO, Appellee, vs. THOMAS H. HUL-
BERT, Appellant.

*Opinion filed April 23, 1908—Rehearing denied June 5, 1908.*

1. SPECIAL ASSESSMENTS—*an ordinance may establish or change
grade and width of roadway.* An ordinance providing for the pav-
ing of a street may establish the grade of the street and the width
of the roadway for the first time or it may make changes in a
grade or width already established.

2. SAME—*when track elevation ordinance does not require ap-
proaches to sub-way to be paved.* A track elevation ordinance re-
quiring a railroad company to pave the roadways under its sub-
ways throughout their length and width, and that the approaches
should be restored, as nearly as possible, to their condition before
being excavated, does not require the railroad company to pave ap-
proaches which were dirt roads when sub-ways were constructed.

3. SAME—*when provision of track elevation ordinance may be
changed by a paving ordinance.* A provision of a track elevation
ordinance requiring a vertical curve where the heads of the ap-
proaches connect with the grade of the street may be modified by
a paving ordinance which omits the curve and provides for a uni-
form decline of the approaches at a fixed grade.

4. SAME—*when provision for connecting curbs is unnecessary.*
Where an improvement, consisting of the paving of a thirty-foot
roadway, is to terminate at a sub-way, the roadway of which is
paved by the railroad company for a width ·of thirty-eight feet,
there is no necessity for the paving ordinance making provision
for connecting the curb of the thirty-eight-foot roadway with the
curb of the thirty-foot roadway.

5. SAME—*kind of pavement to be laid is a question for the city
to· determine.* Whether a proposed pavement shall be macadam or
asphalt is a question committed by law to the discretion of the city
council, and courts will not hold the ordinance to be void for un-
reasonableness in that respect unless it is clearly shown by the evi-
dence to be arbitrary, unjust and unreasonable.

APPEAL from the County Court of Cook county; the
Hon. W. L. POND, Judge, presiding.

GEORGE W. WILBUR, for appellant.

234—21

GEORGE A. MASON, and FRANK JOHNSTON, JR., (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming an assessment for the paving of Forty-first avenue, in the city of Chicago, from North avenue to Armitage avenue. It is claimed that the ordinance for the making of the improvement is void because it attempts to establish the width of the roadway and the grades of the streets, because such grades are in conflict with those established by a previous ordinance, and because the ordinance conflicts with a track elevation ordinance and requires the paving of a portion of the street required by such track elevation ordinance to be paved by a railroad company.

An ordinance providing for a local improvement, when prepared by the board of local improvements and submitted to the city council, must prescribe the nature, character, locality and description of such improvement. To such description of a street paving improvement a statement of the width and grade of the street is necessary. If no width and grade have been established, or if those established are to be changed, the board of local improvements must specify in the ordinance recommended for passage the width and grade recommended. The ordinance so recommended the city council is not bound to pass, but may do so or not, at its discretion. If it does pass it, the act is that of the council and not of the board of local improvements. (*Givins* v. *City of Chicago,* 188 Ill. 348.) There is no legal objection to a street paving ordinance establishing for the first time or changing the grade of a street or width of the roadway.

The track elevation ordinance did not require of the railroad company the paving of the approaches to the subway. The street was not paved, but was an ordinary dirt road in its natural condition. That ordinance, so far as the

construction of the sub-way and approaches thereto was concerned, required them to conform to certain structural requirements, which were, that the roadways in sub-ways, throughout their length and width, should be paved with vitrified brick upon a concrete foundation, with limestone curb, in accordance with the specifications of the ordinance and the requirements of the department of public works, and that the approaches should be in all respects restored, as near as might be, to their condition before being excavated. It is manifest that it was not the intention to require the paving of the approaches.

It is insisted by appellant that there is a conflict between the grade of the floor of the sub-way fixed by the ordinance and that fixed by the track elevation ordinance. The track elevation ordinance did not fix definitely the elevation of the floor of the sub-way, but directed that it should be not less than 21.96 feet above city datum. It also provided for 12 feet clear head-room, and that the elevation of the top of the rail should be not less than 34.4 feet above city datum at the west line of North Fortieth avenue, which is 598 feet east of Forty-first avenue, and should continue on an ascending gradient of about 0.16 per cent westerly for a distance of about 3300 feet to a point about on the east line of North Forty-fifth avenue, where an elevation of not less than 39.7 feet above city datum should be attained. The ordinance also contained the following provisions in regard to the work of elevation: "At least ten (10) days prior to the commencement of any part of such work the plans and specifications therefor shall be submitted to said commissioner of public works for his examination, and if found to be in accordance with the provisions of this ordinance in so far as this ordinance contains specific provisions, and, in the absence of such specific provisions, if they shall be satisfactory to the commissioner of public works in regard to matters and details which by this ordinance are left to his discretion and judgment, such plans shall be approved by

him, and after such approval all of the work outlined and included therein shall be constructed in strict conformity therewith," etc.

The distance from the top of the rail to the roof of the sub-way is shown to be 2.06 feet, so that if the sub-way were constructed with both the floor of the sub-way and top of the rail at the least elevation permitted, there would not be 12 feet head-room, for the top of the rail, according to the prescribed gradient, would have an elevation of 35.36 feet, only, at Forty-first avenue. The evidence shows that the sub-way as constructed has 12.02 feet of head-room, but the actual elevation of either the floor of the sub-way or the top of the rail cannot be ascertained from the evidence. Since the ordinance contains no specific provision fixing, absolutely, the elevations, it must be presumed that plans and specifications showing such elevations were submitted to the commissioner of public works and approved by him, and that the work was executed in accordance with such plans. The paving ordinance fixed the elevation of the floor of the sub-way at 23.8 feet above datum. It was not inconsistent in this respect with the track elevation ordinance, and it is not shown by the evidence to be inconsistent with the actual construction of the sub-way.

It is insisted that there is a conflict between the two ordinances, in that the track elevation ordinance requires that in the sub-way a vertical curve shall be constructed where the heads of the approaches connect with the present grade of the street, while the paving ordinance provides only for a uniform decline in the approaches at a fixed grade. The track elevation ordinance provided for such construction of the approaches as was deemed best for the roadway as it then existed. There is no reason why the paving ordinance should not omit the curve and provide for the decline of the approach at a regular grade, or change the grade.

The track elevation ordinance requires the railroad company to pave the entire length of the roadway in the sub-

way to the width of 38 feet. The paving ordinance excepts from its provisions this part of the street. The improvement described terminates at the sub-way, and there is no necessity that the ordinance should provide for connecting the curb of the 30-foot roadway provided for in this ordinance with the curb of the 38-foot roadway provided for in the track elevation ordinance.

It is objected that the ordinance is void because unreasonable and oppressive, and evidence was introduced as to the character of the street and connecting streets and adjoining property. It is a residence street, partly built up, and has never been paved. All agree that a pavement of some kind will be of benefit to it, but they differ as to whether the pavement should be macadam or asphalt. Appellant's witnesses say that in their judgment the asphalt provided for by the ordinance is too expensive an improvement for the class of property on the street, while appellee's witnesses think the class of property requires an asphalt pavement. The necessity for paving the street and the kind of pavement to be laid therein are questions committed by the law to the city council. Its action will not ordinarily be reviewed by the court, and an ordinance will not be held void for unreasonableness unless clearly shown by the evidence to be arbitrary, unjust and oppressive. (*City of Belleville* v. *Pfingsten,* 225 Ill. 293; *City of Belleville* v. *Herzler,* id. 404.) The evidence shows no such case. While different opinions might reasonably be entertained as to the character of the pavement to be laid, there is no clear showing of injustice and oppression in adopting the kind of pavement which was chosen.

As to the amount of benefits the evidence was conflicting. There is evidence in the record to sustain the verdict, and the *prima facie* case made by the assessment roll was not overcome.

The judgment will be affirmed.    *Judgment affirmed.*