THE CITY OF CHICAGO, Appellee, *vs.* BERNARD F. WEBER *et al.* Appellants.

*Opinion filed October 28, 1913.*

1. SPECIAL ASSESSMENTS—*the word "roadways," used in resolution, does not necessarily mean full width of street.* The word "roadways," used without qualification in a resolution for a paving improvement, does not necessarily mean that part of the legally established street which has previously been improved and used by the public, and the fact that the width of the streets specified in the ordinance differs from the width of the roadways specified in the resolution is not necessarily a variance. (*Gardner* v. *City of Chicago,* 224 Ill. 254, distinguished.)

2. SAME—*when paving ordinance will not be held void for unreasonableness.* The character of a pavement to be constructed is, under the law, to be determined by the city council in its discretion, and the ordinance will not be held void for unreasonableness as to the character of the improvement unless the evidence clearly shows that it is arbitrary, unjust and oppressive, in view of the uses to which the improvement will be subjected.

3. SAME—*verdict as to benefits will not be lightly overturned.* Whether property benefited has been omitted from assessment and whether other property has been assessed more than its share of the cost are questions which must be determined largely from the opinions of the witnesses, and if the evidence is conflicting the verdict of the jury should stand, on appeal, unless against the clear weight of the evidence.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

MORTON T. CULVER, for appellants.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook county confirming a special assessment levied to pay for the curbing, grading, paving and otherwise improving the roadways of a system of streets consisting of parts of East Ravenswood Park, North Hermitage avenue, North Paulina street, Edgewater place, Thome avenue, Granville avenue and Glenlake avenue. With the petition for the special assessment the city filed a certified copy of the recommendation of the board of local improvements, the estimate of the engineer, and the ordinance. The assessment roll was also filed, which showed the entire estimated cost of the improvement was assessed against private property. Certain property owners appeared and filed numerous legal objections to the confirmation of the assessment, all of which were overruled, and the property owners excepted. A jury trial was had upon the question of benefits, resulting in a finding for the petitioner, and that no lot, block, tract or parcel of land objected for had been assessed more than it will be benefited nor more than its proper share of the total cost of the improvement. Motions for a new trial and in arrest of judgment were severally made and overruled and final judgment of confirmation was entered. To reverse this judgment the objectors have prosecuted this appeal.

While appellants have brought the entire record up they have waived all controversy in regard to benefits, and the case is submitted here upon the rulings of the court upon the legal objections.

Appellants' first objection raises a question of variance between the preliminary proceedings and the ordinance. The variance complained of between the resolution and the ordinance relates to the width of the several streets to be paved. The resolution does not state any width but simply provides for the improvement of the several roadways. The ordinance states the width of the streets embraced

within the system of improvements in feet, which differs in several particulars from the roadway as originally improved. Appellants' contention is, that the reference in the resolution to the roadway of the streets meant the roadway as it had previously existed and was equivalent to describing the width as it had previously been improved, and that, inasmuch as the ordinance specified an improvement differing in width from the original roadway, there was a variance between the resolution and the ordinance. While section 7 of the Local Improvement act requires that the resolution adopted by the board of local improvements must describe the improvement, that statute has frequently been construed as requiring only a general description sufficient to furnish the property owner with general information in regard to the character and nature of the proposed improvement; (*Jones* v. *City of Chicago,* 213 Ill. 92; *Mc-Lennan* v. *City of Chicago,* 218 id. 62; *City of Chicago* v. *Soukup,* 245 id. 634; *City of Chicago* v. *Davis,* 253 id. 404;) and it has been held that a resolution which does not state the width of the proposed improvement specifically is sufficient. (*Ogden, Sheldon & Co.* v. *City of Chicago,* 224 Ill. 294; *City of Chicago* v. *Soukup, supra.*) Appellants do not contend that the resolution was insufficient because it failed to state the width of the streets to be improved. Their contention on this point is, that the resolution does inferentially state the widths of the several improvements and that the ordinance states another and a different width. The word "roadways," as used in the resolution, does not necessarily mean that part of the legally established street which had previously been improved and used by the public. It may very appropriately be construed as referring to that portion of the street which has been set apart and dedicated to the public for general use, without reference to whether it has all previously been used or not.

The resolution in the case at bar differs from the resolution under consideration in *Gardner* v. *City of Chicago,*

224 Ill. 254. The resolution in that case provided for the improvement of the "present roadways," and it was shown that the present roadways were of a different width from that provided in the ordinance. In that case the words "present roadway of East Ravenswood Park" were construed as referring to the used part of the street as the same existed prior to the proposed improvement, and it was held that there was a substantial variance between the resolution and the ordinance in this respect. The word "present," when used in the resolution as qualifying the word "roadways," was important, and indicated to the property owner that the board of local improvements only contemplated the improvement of the roadway as it was then in use. The word "present" is not in the resolution in the case at bar, and its absence distinguishes this case from the *Gardner case.*

Appellants also contend that there is a substantial variance between the resolution and the ordinance in regard to the combined curb and gutter upon the sides of the returns of intersecting alleys. The resolution provided for combined granite-concrete curb and gutter on the sides of the several alley intersections, from the property line to the street gutter. Both the ordinance and the resolution describe the curb to be placed on the sides of the alley returns as a combined granite-concrete curb and gutter. In the ordinance, however, where a detailed description is given of what is actually to be constructed, that portion of the upper surface of the so-called gutter that is next to the property line slopes from the curb slightly down toward the middle of the alley return, instead of being so constructed as to carry the water down the gutter parallel with the curb. The bottom of the gutter slopes away from the face of the gutter, so that the water, instead of running towards the street, would be drawn toward the center of the alleyway return. This, however, is not true of the entire face of the alleyway return. Next to the property line and for a

few feet toward the street gutter the water would run toward the center of the alley return. It is, however, provided that the surface of the alley return shall be raised in the center with a crown three and one-half inches high at the street gutter and gradually diminishing as it extends back toward the sidewalk until a level is reached. The result is, that while there is a concrete curb to be constructed along the sides of the alleyway returns and also a concrete gutter in combination therewith, that end of the gutter next to the property line and for a few feet toward the street is flattened out so that the water runs away from the face of the gutter instead of flowing down the side, and when it reaches the center of the alley return it will flow down the center of the alley return, which is slightly depressed for a distance of a few feet, and then divide, one part going to the one side and the other to the opposite side, and finally reaching the street gutter in the gutters on the sides of the alley returns. As we understand appellants' contention, they argue that the work as constructed is not properly described as a combined curb and gutter, for the reason that the water does not flow parallel with the curb the full length thereof. The combined curb and gutter is to be constructed across the intersections of these alleyways. Even if it be conceded that the word "gutter" cannot be appropriately applied to a curb and a flat piece of concrete next to it, still we cannot see that the property owner can be in any way misled by the somewhat inapt description of this work as a combined curb and gutter. No other words occur to us which would more accurately describe the character of the work than the words that were used. Appellants' contention on this point is highly technical and has no substantial merit in it.

Appellants next contend that the construction of the class of pavement required by this ordinance is unwarranted in this locality and the ordinance for that reason is unreasonable. The evidence upon this point is conflicting.

That introduced on behalf of the objectors does not go to the extent of convincing us that the improvement is unnecessarily expensive in view of the uses to which the streets in question will be subjected. The character of the improvement to be constructed is, under the law, to be determined by the discretion of the city council, and an ordinance for a local improvement will not be held void for unreasonableness as to the character of the improvement unless it is clearly shown by the evidence to be arbitrary, unjust and oppressive. *City of Chicago* v. *Hulbert,* 234 Ill. 321; *City of Belleville* v. *Miller,* 257 id. 244.

Appellants insist that there is property which will be benefited by the improvement which has been omitted from the assessment, and that in the distribution of the benefits certain property has been assessed more than its just share. Upon both of these questions the evidence is conflicting. Objections such as these must be determined largely by the opinions of witnesses qualified to testify in regard thereto. We do not feel warranted in interfering with a judgment upon a question of this character unless it is clearly and palpably against the weight of the evidence. Although we, in looking at the case through the evidence in the record, might be inclined to differ from the finding, still, unless we are satisfied that the finding is against the clear weight of the evidence we would not be warranted in setting aside the judgment. *Topliff* v. *City of Chicago,* 196 Ill. 215; *City of Chicago* v. *McKinlock,* 256 id. 38.

Finding no error in the record which would justify a reversal of the judgment, it is accordingly affirmed.

*Judgment affirmed.*