(No. 19667.—

OVERIA BARRINGER, Admx., Plaintiff in Error, *vs.* PATRICK J. COLLINS *et al.* Defendants in Error.

*Opinion filed December 20, 1929.*

MORRIS & CASHIN, for plaintiff in error.

J. H. PERKINSON, *pro se,* and D. RYAN TWOMEY, for defendants in error Thomas E. Ryan, Admr., *et al.*

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Overia Barringer, individually and as administratrix of the estate of Phillip Barringer, deceased, filed her amended bill in the circuit court of Cook county for an accounting and an adjustment of her rights under a contract for the purchase of a certain parcel of real estate situated in the city of Chicago. Mary Collins and Patrick J. Collins, her husband, were the vendors, and Phillip Barringer, the intestate, and Katie E. Harris were the purchasers under the contract. J. H. Perkinson, upon leave granted, filed a cross-bill in which he alleged that Katie E. Harris had made certain payments on the contract but that Barringer had paid no part of the purchase price; that Mrs. Harris died intestate and that the cross-complainant acquired her interest in the property at a sale by the administrator of her estate. The prayer of the cross-bill was that the original complainant and the unknown heirs of Phillip Barringer, deceased, be decreed to have no rights under the contract or interest in the premises and that all the purchasers' rights be vested in the cross-complainant. Mary Collins, Patrick J. Collins and Overia Barringer, individually and as administratrix, answered the cross-bill and replications were filed to their answers.

Upon the application of the cross-complainant, the cause was referred to a master in chancery and the original complainant was ordered to deposit two hundred dollars with the clerk of the court by a certain day to secure the payment of the costs of the reference. The deposit was not made and, upon the motion of the cross-complainant, an order followed which directed him to make proof and barred

Overia Barringer, either as complainant or cross-defendant, from offering any evidence before the master. Evidence was introduced only on behalf of the cross-complainant. The master, by his report, found that Overia Barringer, individually and as administratrix, and the unknown heirs of Phillip Barringer, deceased, had no interest in the premises described in the contract; that the deed from the administrator of the estate of Katie E. Harris, deceased, conveyed all the interest his intestate had in the same premises, and that the amended bill should be dismissed. Objections to the master's report were filed by Overia Barringer. These objections were overruled and a decree in conformity with the master's report was rendered. She prosecuted a writ of error from the Appellate Court for the First District and that court affirmed the decree of the circuit court. Upon her petition this court issued a writ of *certiorari* and the record is here for a further review.

The plaintiff in error contends that the circuit court erred in denying her the right to introduce evidence before the master upon her failure to make the required deposit of money as security for the costs of the reference. Section 20 of the Fees and Salaries act (Cahill's Stat. 1929, p. 1325; Smith's Stat. 1929, p. 1486) provides: "Upon reference of any matter to the master in chancery the court may, in its discretion, at the time of such reference or at any subsequent time, order any party seeking to offer evidence before the master to deposit with the clerk of the court such sum or sums as may be fixed by the court to secure the payment of any part or all of the costs of such reference; and the court may, in its discretion, before the master shall be required to make a report in any cause, order the payment of all costs incurred before the master, the same to be taxed equitably in such manner as directed by the court."

The allowance of fees to a master in chancery must be made in strict conformity with the statute. (*Kuehnle*

v. *Augustin,* 333 Ill. 31). The method of securing the payment of the costs upon a reference to a master should not be extended beyond the plain provisions of the statute. In the instant case the cross-complainant, who sought affirmative relief and upon whose motion the cause was referred to the master, was allowed to introduce evidence before that officer without making a deposit to secure the payment of the costs to accrue, while the cross-defendant who did not ask for a reference to a master was denied the right to offer any evidence because she failed to make such a deposit. The cross-defendant was denied a hearing and the result was that the master's findings and the decree were based solely upon evidence offered by the cross-complainant. The act does not provide, either expressly or by implication, that a party, who has not asked for a reference to a master and who fails to make a deposit required of him to secure the payment of the costs of the reference, may be barred from introducing evidence. Such an extreme result does not accord with the right of the litigant to be heard or with equitable principles and practice. *Maher* v. *Bull,* 39 Ill. 531; *Union Mutual Life Ins. Co.* v. *Slee,* 123 id. 57, pp. 94, 95; *Glos* v. *Flanedy,* 207 id. 230; Evidence act, sec. 38; Cahill's Stat. 1929, p. 1308; Smith's Stat. 1929, p. 1466.

The plaintiff in error challenges the correctness of the decree on other grounds. It is unnecessary to consider them because the contention first reviewed is decisive of this writ of error.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to proceed in conformity with this opinion.

*Reversed and remanded with directions.*