Ivory B. Strongs, and Annie May Strongs, Appellants, v. Chicago Title and Trust Company, Trustee, Under Trust Deed No. 15357479, Triangle Finance Company, George W. Hansen, Mary Rawson, and Unknown Owners, Appellees.

Gen. No. 47,041.

First District, Second Division.
May 21, 1957.
Released for publication June 18, 1957.

Perry, Eubanks & Woolford, and Johnson & Brigham, all of Chicago (Thad B. Eubanks, of Chicago, of counsel) for appellants.

John M. Kanne, and Patrick A. Barton, both of Chicago, for Mary Rawson, and George W. Hansen, appellees.

JUDGE SCHWARTZ delivered the opinion of the court.

Plaintiffs requested leave to file a petition to vacate a decree of foreclosure which they alleged had been

obtained by fraud practiced against the trial court, to set aside a master's sale and for an accounting by a receiver who had been appointed in the foreclosure suit. Leave was granted by the court to file the petition and defendants were duly ordered to answer. On February 23, 1956, the matter being at issue, the court referred the cause to a master in chancery and ordered plaintiffs to post "a cost bond with sufficient corporate surety in the sum of $2,000 to indemnify the master's costs and costs incurred by parties in contesting this motion, and that said bond be posted with the clerk of this court on or before March 9, 1956." An order was entered upon motion of plaintiffs extending the time to March 16. On April 12, 1956, the court found that plaintiffs had failed to post a "cost bond" as required and ordered the petition stricken, the order of reference vacated, and that a master's deed issue forthwith in accordance with the decree of foreclosure. Plaintiffs appeal from the order and question the authority of the court to make a reference conditional upon the giving of such a bond.

Defendants base the court's authority to require the bond on Ch. 53, Par. 38, Ill. Rev. Stat. 1955, which provides:

"Upon reference of any matter to the master in chancery the court may, in its discretion, at the time of such reference or at any subsequent time, order any party, seeking to offer evidence before the master, to deposit with the clerk of the court such sum or sums as may be fixed by the court to secure the payment of any part or all of the costs of such reference; . . ."

In Barringer v. Collins, 337 Ill. 306, the court said, at p. 309:

"The method of securing the payment of the costs upon a reference to a master should not be extended beyond the plain provisions of the statute."

93

The statute provides for the deposit of such *sums* as may be fixed by the court to secure the payment of the costs of reference. It does not provide for bond. Moreover, the amount required must have some relationship to an estimate of the costs. No effort appears to have been made to arrive at such a figure. Also, the bond is conditioned not only upon payment of the costs of reference, but also upon payment of "costs incurred by the parties in contesting plaintiffs' motion." What this refers to is not clear.

In Barringer v. Collins, supra, a bill for accounting and a determination of the rights of the plaintiff under a contract for the purchase of real estate was referred to a master upon condition that the plaintiff deposit $200 with the clerk of the court to secure the cost of the reference. The deposit was not made and the plaintiff was barred from offering any evidence. A decree was thereafter entered upon evidence introduced by the defendants. The court said:

"Such an extreme result does not accord with the right of the litigant to be heard or with equitable principles and practice."

Plaintiffs make a distinction between that case and the instant case on the ground that the decree in the Barringer case was entered upon evidence offered by the defendants. It seems to us that in the instant case, where the court struck the petition without hearing *any* evidence, the action taken was more drastic than that in the Barringer case. We consider the Barringer case to be decisive on the point here involved.

The rules of our Supreme Court provide that reference to a master shall be the exception, not the rule. We assume that as the matter was referred to a master for hearing on the issues, the petition stated a prima facie case. If that was so, when plaintiffs were unable to post a bond the court should have heard the case

without reference to a master. We should consider that on the law side of the court a plaintiff may file suit for a claim involving but a small amount, demand a jury trial by the payment of a small fee, and have such a trial for days and even weeks, at an expense to the county and state of hundreds and sometimes thousands of dollars, all done in order that citizens may have their controversies adjudicated without burdensome expense. To hold that on the equity side, a party can be deprived of a hearing for failure to post a bond such as was here required is a radical departure from this policy.

Defendants here argue that on the face of the petition and on the record of the proceedings in the foreclosure suit, there is no basis for the suit. If this is so, there was no occasion to refer the matter to a master. The court should have heard and decided the question.

The order is reversed and the cause is remanded with directions to take such further proceedings as are consistent with the views herein expressed.

Order reversed and cause remanded with directions.

ROBSON, P. J. and McCORMICK, J., concur.